Totten J.,
delivered the opinion of the court.
This is an action of ejectment, in the circuit court of Claiborne, for 800 acres of land; and at the September term, 1850, upon a trial thereof, the verdict and judgment were for the defendant, and the plaintiff has appealed in error, to this court.
The lessors of the plaintiff having shown title, in Stephen Cawood, senior, deceased, proceed to deraign title from him to themselves. They produce in evidence the will of said Stephen Cawood: — then, several deeds to one James Rogers, purporting to he executed by the children of said testator, and who are also devisees under his said will, conveying their respective interests in said land to the said James Rogers; and finally, a sheriff’s deed with the records upon which it is founded, purporting to convey the land in question to the lessors *144 of the plaintiff, in virtue of a judicial sale thereof, as the property of same James Rogers. Thedefendant is one of the heirs of said testator, and a devisee under his will.
Several questions have been made, and First, What is the true and proper construction of the will of Stephen Cawood, deceased ?
It contains the following clanse, to wit: “ I give unto Sarah Cawood, my well beloved wife, all and singular my lands, together with all my household furniture, debts and all other moveable effects, to be freely possessed and enjoyed by her, until my heirs become of age: — then my land and all other effects, or the value of them, to be equally divided between my said heirs — yet, so as to allow my son, Stephen Cawood, to hold the said land, by paying up to my daughters, Mary, Rebecca, Elizabeth, Sarah, Easter and Rachal Cawood, their parts. Still, allowing my said wife, Sarah Cawood, a comfortable living through life, on the said premises.”
The effect is, that the testator devises to his wife, the land, &c., until his children shall become of age, and then, the land, &c., to be equally divided amongst his said children; that is, the right and title of the children shall vest in possession when the youngest child shall become of lawful age; subject, however, to an equitable charge for the support and maintenance of the wife, on the premises, during the remainder of her life. It was not the intention of the testator that his wife should have the legal estate first given to her, for a longer period than that which is limited for its division amongst his children. For, then it was to be divided, which could not be done, if her separate estate were to continue.
But the whole estate, both real and personal, is made subject, as we have said, to a charge for her comfortable support. And this equitable right, if wrongfully withheld by the children, a court of chancery would enforce against them, having regard to the intention of the testator, and the nature and *145 value of the estate. But certainly, it would be entirely competent for the children, they being sui juris, to concede possession of the right, that is, a comfortable support on the premises, to their mother, by their own mere act, without the aid or action of a court of chancery. As to Stephen Cawood, he takes no more than an equal interest in common with his sisters, with the right, however, of becoming the sole owner of the land, by paying to them the value of their respective shares. They hold their interest in the land, not as heirs, but as devisees under the will, subject, however, to be divested of it, by payment of its value in a reasonable time.
Second. — In the next place, as to the deeds from these devi-sees to James Rogers. Some of them have not been proved and registered, as required by our registry acts, but the fact of their execution appears, as it seems, by the admission of the defendant. There are also, other objections to some of these deeds, which we do not deem it material to notice in this opinion, as they are sufficiently obvious. The plaintiff’s counsel maintains the proposition, that a deed, the execution of which is admitted or proved as at common law, on the trial, by the attesting witnesses, is competent evidence to show a legal title in the lessors of the plaintiff.
We do not think so. We are of opinion, that & perfect legal title does not vest in the grantee or vendee until the deed be registered. It is true, that a deed not registered, has greater force and effect than a mere agreement to convey; because, it vests in the vendee an equitable title and more, — “an inchoate and imperfect legal title also.” The title is in its nature legal; but it is not a pure and perfect legal title, until the deed be registered. Because, the deed has force and effect to convey the legal title under our own registry acts, and not under the statute of uses, or as a conveyance at the common law. Until, therefore, these acts be complied with by the registration of the deed, a perfect legal title does not pass to the pur *146 chaser. Act 1715, ch. 38, sec. 5; Robertson vs. Sullivan, 2 Yerg. R., 93; Hays vs. McGuire, 8 Yerg. R., 97; Miller vs. Miller, Meigs’ R., 496; Vance vs. McNairy, 3 Yerg. R., 176; Shields vs. Mitchell, 10 Yerg. R., 1.
Now, in order to maintain the action of ejectment, the claimant must be clothed with a perfect legal title, — and this is a fixed and inflexible rule, wherever the action depends upon the title, and not upon some relation or agreement between the parties, affecting the right of possession, — as in the case of tenancy or quasi tenancy, under the claim of another. Adams’ on Eject., 32; Jackson vs. Dewart, 9 J. R., 60.
We do not doubt, however, but that a tenant in possession, holding under an unregistered deed, may defend himself against the action of his vendor, — because the deed will operate as an estoppel upon the vendor, and repel his action.
Third. — We proceed next to inquire as to the validity of the sheriff’s sale.
It appears that four several executions against the said James Rogers being levied upon the land in question, and returned to the circuit court of Claiborne, — it was, thereon’ ordered and adjudged by said court, that said land be sold, and that writs of venditioni exponas issue. Upon these judgments four several writs of venditioni exponas were issued, bearing test, the second Monday of September, 1841; and returnable the second Monday of January, 1842. On one of said writs the sheriff returns, that he had sold the said land on the 9th January, 1842, for $77 25, to John Netherland. On the other three writs, that he had sold said land on the 20th January, 1842, for $600, to Jesse and David F. Rogers. The said Netherland having assigned his interest in said sale to Jesse and David F. Rogers, the sheriff of Claiborne, successor to the one who made the sale, executed a deed in fee for said land, to Jesse and D. F. Rogers, in pursuance and in virtue of the sales made under the four several writs aforesaid. *147 The sheriff’s deed recites the sale to Netherland as having been on the 10th January, 1842. By reference to the Calendar it will appear, that the return day of said writs Was on Monday the 10th January, 1842. The ninth was, therefore, on Sunday before the return day, and the twentieth was after the return day of the said writs.
Upon this state of facts, it is argued by defendant’s counsel, that both the sales were void.
As to the sale which occurred on the 20th January, after the return day of the writs, we consider it to be unquestionably void, both upon principle and authority.
A levy on land, unlike a levy on personalty, vests no right or title in the sheriff. He acts, in the levy and sale of land, under a mere naked power, conferred by the execution, and to be exercised in conformity to its directions. The power ceases at the return day of the writ, and until it shall be renewed, no valid sale can be made. Perkins vs. Overton, 10 Yerg. R., 329, is in point to this conclusion. There is no difference, in this respect, between the fieri facias and venditioni exponas. The same reason and principle should apply to both.
As to the other sale, the objection goes to the day on which it was made, and it is insisted, that as it appears from the calendar, that the day of the sale was on Sunday, it should be held that the sale was void.
Conceding that the sale would be void if made on Sunday, that not being a juridical day for such purpose, yet does that fact sufficiently appear in the case?
The only evidence of the fact is in the recital in the sheriff’s return, made after the sale. He retaras that after giving due notice, he proceeded to sell the land at the court-house door, in Tazewell, on the ninth day of January, 1842; when John Netherland became the purchaser. It only appears by reference to the calendar, that the ninth was on Sunday; there is no other proof of the very remarkable fact, that the sheriff *148 had held a public sale at the court-house door, in Tazewell, on the Sabbath day, contrary to law and usage, and common propriety. The tenth, was Monday, the return day of the writ, and there can be no doubt, but that the sale was on that day, in point of fact, and that the recital of a different day is a mere mistake in the sheriff’s return. But the deed recites the sale as it is recited in the sheriff’s return, except as to the day of the sale, and it recites the sale to have been on the 10th January, 1842, which appears to be Monday, the day of the return.
In Mitchell vs. Lipe, 8 Yerg. R., 180, it was held that the sherifl’s return on the execution was not necessary to the validity of the sale. The sale depends, upon the judgment, execution, levy and sheriff’s deed. Jackson vs. Sternburg, 1 Johns. Cases, 185. Wheaton vs. Sexton, 4 Cond. Rep., 520. The courts, say, that “if the effect contended for were given to the return of the sheriff, it would enable him, months after a good title had been acquired by purchase and deed, to defeat it altogether, merely by making a false endorsement on the execution.
•. Now, the purchaser is entitled to his deed on the day of the sale, and to immediate possession of the land. The deed is necessary to the completion of his title under the sale, and the title becomes perfect, by the fact of its execution. If the sheriff after that, by mistake, or by fraud, make an untrue return of the facts and circumstances of the sale, shall it have the effect to divest, or vitiate the title, which had before been perfect in the purchaser. Certainly not, but such would be the effect of the principle contended for. The sheriff’s return of the sale is his own act after the sale, and is not necessary to make it valid; the sheriff’s deed is the act of both parties, the sheriff and the purchaser, and it is necessai'y to the completion of the sale. Now, it seems to us that if there be any variance between the recitals of the deed and those of the *149 return, made after the sale, and forming no part of the levy, that the deed should govern, as being the act of both parties, and necessary to the completion of the sale.
No averment can be made against a sheriff’s return, where the return is of any value or necessity, or any right depends upon it. But we have seen, that that is not so, in a case like this.
The judgment will be reversed, and this cause be remanded for further proceedings.