### R. L. WEAKLEY v. SANDY COCKRILL et al.

REDEMPTION. *Right of in debtor cannot be sold.* Where a judgment creditor causes the realty of his debtor to be sold under execution, and bids a part of his debt upon it, he cannot, by a bill in equity, subject the right of the debtor to redeem to the satisfaction of the balance of his judgment.

#### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

R. McP. SMITH for complainant.

S. WATSON for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Weakley, a judgment creditor of Sandy Cockrill, had an execution levied on his land, and became the purchaser at the sale at $25.

A large amount of his judgment remaining unsatisfied, he filed his bill in the chancery court at Nashville for the purpose of subjecting his debtor's right of redemption to sale to satisfy said unpaid balance. The defendant demurred to the bill, upon the ground that the right of redemption was not subject to sale as prayed for. The demurrer was overruled, the defendant answered, and, upon the hearing, the chancellor ordered the sale of defendant's right to redeem. From this decree the defendant has appealed to this court.

The chancellor, after reviewing the numerous decisions of this court upon the rights of debtors and creditors upon this subject, concludes that the debtor's right to redeem his land, sold by execution, is an equitable interest in the land itself, and may therefore be sold by decree of the chancery court, under sec. 4282 of the Code.

That section confers on the chancery court exclusive jurisdiction "to aid a creditor by judgment or decree to subject the property of the defendants, which cannot be reached by execution, to the satisfaction of the said judgment or decree."

Weakley *v.* Cockrill.

The court is of opinion that the chancery court has not the jurisdiction, under the section of the Code cited, to subject to sale the right of redemption in the creditor, as ordered and decreed by the chancellor. The statutes have prescribed a simple and economical mode of procedure for the redemption of land by the debtor and his creditors. The purchasing creditor may advance his bid, and hold the land subject to redemption at his advanced bid, or another creditor may redeem from him and in turn hold the land subject to redemption by any other judgment creditor, including the purchasing creditor, or by the debtor, upon their complying with the conditions imposed by the statutes. And this legislative provision regulating the whole subject excludes other modes of effecting redemption by a creditor who has become the purchaser at the sale.

The court, while it is undivided in opinion that the bill in this case cannot be maintained, is not so upon other questions which have been discussed and arise in the record, and which it is in this case unnecessary to discuss or decide.

Let the decree be reversed and the bill dismissed with costs.