## TEMPLETON *v.* MASON.

### (*Knoxville.*     October 26, 1901.)

1. ATTACHMENT. *Plea in abatement.*

The cause for an original attachment averred in a bill, *e. g.*, fraudulent disposition of property by the defendant, cannot be put at issue by answer, but only by plea in abatement. It is otherwise if the bill is framed under § 6097, Shannon's Code, to set aside the fraudulent disposition of the defendant's property and subject it to his debts. (*Post, pp. 626-632.*)

Code construed: § 6097 (S.); § 5031 (M. & V.); § 4288 (T. & S.).

Cases cited: August *v.* Seeskind, 6 Cold., 172; Foster *v.* Hall, 4 Hum., 346; Brooks *v.* Gibson, 7 Lea, 271; Pace *v.* Plumlee, 2 Shann. Cas., 55; Cheatham *v.* Pierce, 89 Tenn., 668; Tarbox *v.* Tonder, 1 Tenn. Ch., 163; Greene *v.* Starnes, 1 Heis., 582; Renkert *v.* Elliott, 11 Lea, 246; Epperson *v.* Robertson, 91 Tenn., 413; House *v.* Swanson, 7 Heis., 34; Isaacks *v.* Edwards, 7 Hum., 468; Kendricks *v.* Davis, 3 Cold., 524; Boyd *v.* Martin, 9 Heis., 386.

2. SAME. *Same.*

The statute authorizing the making, by answer, of any defense that does not go to the jurisdiction does not enable a defendant to put in issue the cause averred in the bill for an original attachment otherwise than by plea in abatement. (*Post, pp. 629-632.*)

Code construed: § 6128 (S.); § 5061 (M. & V.); § 4318 (T. & S.).

3. SAME. *Same.*

Nor does the statute requiring summons to issue in original attachment cases change the rule that the cause for attachment stated in the bill must be put at issue by plea in abatement. (*Post, pp. 629-632.*)

Cases cited: Bivins *v.* Mathews, 7 Bax., 256; Bank *v.* Foster, 90 Tenn., 735; Robb *v.* Parker, 4 Heis., 59.

23 P—40

Templeton *v.* Mason.

4. SAME. *Of right of redemption.*

   A debtor's right of redemption in land is subject to attachment. A creditor, even by judgment, is not compelled to pursue the statutory remedy where there has been a fraudulent disposition of the property, and that course would lead to multiplicity of suits. (*Post, pp. 632-634.*)

   Cases cited: Weakley *v.* Cockrill, 6 Lea, 272; Herndon *v.* Pickard, 5 Lea, 702; Ewing *v.* Cook, 85 Tenn., 332.

---

## FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. G. KYLE, Ch.

TEMPLETON & CARLOCK for Templeton.

LUCKY, SANFORD & FOWLER for Mason.

McALISTER, J. This is an attachment bill to impound certain property of defendants, and subject it to the satisfaction of complainant's judgment. Complainant prayed that a decree be rendered in his favor against P. S. Mason, Sr., for the judgment set out in the bill; that writs of attachment issue to Knox, Roane, and Cumberland counties, to be levied upon all the legal and equitable rights and interests of the said P. S. Mason, Sr., and especially upon all the equity and right of redemption of the said P. S. Mason, Sr., in the several tracts of land which are described in this bill, and that the same

Templeton *v.* Mason.

be sold in this proceeding in bar of all further equity of redemption of the said P. S. Mason, Sr., for the satisfaction of complainant's demand. The ground alleged in the bill for the issuance of the attachment was that defendant had fraudulently conveyed his property as against the right of complainant, and with the intent to defraud complainant and to defeat him in the collection of said debt, etc. The defendant, Mason, who was a resident of Knox County, was served with process; the attachment issued and was levied. Defendant answered the bill, expressly denying all allegations of fraud made against him in the original bill, and denying that he had fraudulently transferred his property. He also denied that complainant had any right whatever to attach, or subject to the payment of said debts, his equity of redemption in the land described in the bill, but was bound to pursue the statutory method of redemption. On the hearing there was a decree in favor of complainant, the attachment was sustained and the property ordered sold for the satisfaction of the decree. On appeal this decree was affirmed by the Court of Chancery Appeals. Defendant has again appealed and assigned two errors, namely: First, the Court erred in sustaining said writ of attachment and declaring a lien by virtue thereof to exist upon the property levied on, or any part of the same, to secure the judgment rendered against appellant in favor of complainant.

The Court of Chancery Appeals, in sustaining the

attachment herein, held that it was necessary for defendant to have denied the allegations of the bill upon which the attachment issued, by plea in abatement. There was no plea in abatement, but simply an unsworn answer denying that defendant had fraudulently conveyed his property. It is denied by defendant's counsel that a plea in abatement is necessary in this character of case.

It has uniformly been held in attachment cases that this writ is essential to give the Court jurisdiction of the property, and that in order to reach the writ of attachment, a plea in abatement is necessary. The well recognized exception to the rule is that where an attachment is sued out under § 6097, Shannon's Code, at the instance of creditors, without judgment at law, who are seeking to set aside fraudulent conveyances of property, the defense may be made by answer, and a plea in abatement is not necessary. The reason is that an attachment is not essential to the jurisdiction. It may be issued by the Chancellor at his discretion at the beginning, or during the progress of the cause, to impound and secure the property pending the litigation. Shannon's Code, § 6098; *August* v. *Seeskind*, 6 Cold., 172; *Brooks* v. *Gibson*, 7 Lea, 272; *Tarbox* v. *Tonder*, 1 Tenn. Ch., 163; 11 Lea, 246; 7 Pickle, 413; 7 Heis., 34.

A lien attaches upon the property fraudulently conveyed, upon filing the bill to set aside the conveyance, and is good without an attachment against

the fraudulent vendor and vendee and creditors. *August* v. *Seeskind*, 6 Cold., 766; *Brooks* v. *Gibson*, 7. Lea, 274 (S. C., 1 Lea, 71); 7 Heis.,. 34; *Greene* v. *Starnes*, 1 Heis., 582.

A judgment and return of *nulla bona* is not necessary to a prosecution under this section. Shannon's Code, § 6100.

But in cases of general attachment, where the bill does not seek to set aide the conveyance, but simply seeks to subject the property attached to sale, the attachment is essential to jurisdiction, and the grounds of attachment can only be controverted by plea in abatement. *Turbox* v. *Tonder*, 1 Tenn. Ch., 163; *Puce* v. *Plumlee*, 2 Shann. Cas., 55; *Foster* v. *Hall*, 4 Hum., 340; *Isaacks* v. *Edwards* 7, Hum., 468; *Kendricks* v. *Davis*, 3 Cold., 524; *Boyd* v. *Martin*, 9 Heis., 386; *Cheatham* v. *Pierce*, 89 Tenn., 668.

The argument against this conclusion is that under the statutes any defense, not going to the jurisdiction of the Court, may be made by answer, Shannon's Code, § 6128. The Act of 1871 requires the Clerk or Justice issuing the attachment upon application of the plaintiff to issue also a summons against the defendant, etc. It has been held under this Act that the summons thereunder is the leading process and the writ of attachment is 'merely ancillary. *Bivins* v. *Mathews*, 7 Bax., 256; *Bank* v. *Foster*, 6 Pickle, 735.

It is then argued that jurisdiction of the person having been acquired by the execution of the subpœna to answer in this cause, that the impounding of the property for the purpose of final relief is not a matter going to the jurisdiction of the Court, and hence the grounds of the attachment may be denied by answer. Counsel cites in support of this position *August* v. *Seeskind*, 6 Cold., 172; *Nailor* v. *Young*, 7 Lea, 738.

The case of *August* v. *Seeskind* was brought to set aside a fraudulent conveyance, and it is conceded that in such a case the defense may be made by answer and a plea in abatement is not necessary. The attachment in such a case is not essential to the jurisdiction of the Court. *Nailor* v. *Young* belongs to the same class of cases. The Court said, "It is only where the objection is to the jurisdiction of the Court that the Code requires it to be made by demurrer, plea, or motion to dismiss; all other defenses may be incorporated in the answer." "This bill," continued the Court, "is filed under the Code, § 4288 (Shannon, § 6097), which allows a creditor to come into equity for the purpose of setting aside a fraudulent conveyance of property by his debtor without first obtaining a judgment at law. In such a case the jurisdiction of the Court does not depend upon the attachment, which need not be resorted to except to impound the property," citing *August* v. *Seeskind*, 6 Cold.; *Tarbox* v. *Tonder*, 1 Tenn. Ch., 163.

These cases support the rule adopted by the Chancellor, and Court of Chancery Appeals, and there is nothing in recent legislation which has changed this rule.

The fundamental error, as we conceive, underlying the argument of learned counsel, is that jurisdiction of the property is acquired by the service of the summons. *No* lien is fastened upon the property by the filing of the bill, although the summons is executed. The property must be impounded by attachment. It is, true, as argued, that by the filing of a vendor's bill, or a bill to foreclose a mortgage when the property is described in the bill, a lien is fastened upon the property upon the filing of the bill, and no attachment is necessary. . But this is not so by the simple filing of a general attachment bill, for any of the causes specified in the Code. Although the summons is executed, no jurisdiction of the property is obtained without an attachment. At law, an ancillary attachment is sued out in aid of a suit already brought. Its only office is to hold the property attached under it for the satisfaction of the plaintiff's demand. It does not bring the parties into Court. Caruthers' History of a Lawsuit, p. 88, Sec. 37 (Martin's Ed.)

It was held by this Court that the ancillary attachment not being the leading process, sustaining the plea in abatement did not abate the suit, but only discharges the attachment and restores the property to the defendant. *Robb* v. *Parker*, 4 Heis.,

59.    This illustrates the office of the summons and that of the attachment—one brings the person, and the other the property, before the Court.

The second assignment of error is that the Chancellor erred in holding that complainant was entitled to a lien by virtue of the attachment upon the equity of redemption in the land sold by him under the proceedings of the Chancery Court at Kingston. Counsel cite in support of this assignment *Weakley* v. *Cockrill*, 6 Lea, 272, in which it was held, viz.: "The Court is of opinion that the Chancery Court has not the jurisdiction, under the section of the Code cited, to subject to sale the right of redemption in the debtor, as ordered and decreed by the Chancellor.    The statutes have prescribed a simple and economical mode of procedure for the redemption of land by the debtor and his creditors.    The purchasing creditor may advance his bid and hold the land subject to redemption at his advanced bid, or another creditor may redeem from him, and in turn hold the land subject to redemption by any other judgment creditor, including the purchasing creditor, or by the debtors, upon their complying with the conditions imposed by the statute.    And this legislative provision regulating the whole subject excludes other modes of effecting redemption by a creditor who has become the purchaser at the sale."

The case of *Herndon* v. *Pickard*, 5 Lea, 702, was a case where a creditor attached the equity of redemption in land of a nonresident debtor.    In

that case the creditor was a general creditor and not a judgment creditor. It was held the bill might be maintained. In the course of the opinion the Court said that the case of *Weakley* v. *Cockrill* (decided at the same term) only holds that a judgment creditor, who is in condition to redeem, must pursue the remedy given by the statute, but that the complainant in that case was not a judgment creditor, nor can he become such against a nonresident debtor except by attachment of property. That case, however, expressly decides that the equity of redemption in lands is such an estate as may be reached by an attachment in Chancery.

See also *Ewing* v. *Cook*, 1 Pickle, 332, reaffirming *Weakley* v. *Cockrill*, 6 Lea. The bills in those causes were filed by judgment creditors to subject the equity of redemption in the debtor's land without asking any other equitable relief and wholly ignoring the plain statutory remedy.

The bill in the present case alleges that the debtor has fraudulently disposed of his property, and prays for an attachment, not only of the debtor's equity of redemption in the Roane County lands, but of various other property in tracts which are described in the bill, seeking to set aside certain alleged fraudulent conveyances and to subject the property to the payment of complainant's judgments. It is argued, however, that the debtor had an opportunity to redeem the land in the manner prescribed by the statute, and that he could have

pursued his statutory remedy notwithstanding the alleged fraudulent disposition of the property. But it is manifest that the creditor was not required to go through the form of a redemption, and then file his bill to remove a cloud from his title or set aside the fraudulent conveyance. The creditor, with h obstacle in the way of a redemption, had the right to resort directly to a court of equity by attachment of the property.

The Court of Chancery Appeals so held, and we affirm its decree.