# G. W. GORDON *v.* A. G. COX *et al.*

## (*Jackson.*  April Term, 1903.)

1. **JUDGMENT LIEN.** Does not attach where judgment debtor is a mere conduit for transmission of title.

   Where a judgment debtor is the mere conduit or channel for the transmission of title from the vendor to the purchaser, there is no such seizin in him as affords a point of time for a judgment lien to attach to the land, as where the vendor makes a deed to the judgment debtor and he makes a deed to the vendor's purchaser, and the two deeds are withheld by the respective grantors, and are simultaneously delivered to the purchaser, who at the same moment delivers them to the register for registration. (*Post, pp.* 308-309.)

   Case cited and approved:  Huffaker v. Bowman, 4 Sneed, 94.

   Case cited, distinguished and approved:  Gregg v. Jones, 5 Heisk., 459.

   Code cited and construed:  Sec. 4139 (S.); sec. 3244 (M. & V.); sec. 2399 (T. & S. and 1858).

2. **FRAUDULENT CONVEYANCES.** Innocent purchaser is not affected by fraud between his grantors, when.

   It is immaterial whether the original transaction between the vendor and judgment debtor, whereby the debtor conveyed to the vendor the land in controversy, was fraudulent or not, where if it was fraudulent, the purchaser in no way participated in the fraud, and was not advised of any wrong that might have been perpetrated by the parties. (*Post, p.* 309.)

---

Gordon v. Cox.

---

3. **JUDGMENT LIEN. FRAUDULENT CONVEYANCE.** Case
  in judgment.

  A. debtor transferred all his property to a third person several
  months before the rendition of a judgment against him, after
  which the complainant, without notice of any fraud in the con-
  veyance, offered to buy part of the land included therein. The
  third person declined to convey. direct, but offered to make a
  conveyance back to the judgment debtor, who would convey to
  complainant. This was done, and both deeds were simulta-
  neously delivered to complainant, and by him to the register
  for registration.

  *Held*, that it was immaterial whether there was any fraud in the
  original transaction or not, because the complainant had no
  notice thereof, and that no judgment lien attached to the land
  while passing through the judgment debtor as mere conduit for
  the transmission of the title. (*Post*, *pp.* 308-310.)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

MCFARLAND & NEBLETT, for Gordon.

H. D. MINOR, for Cox et al.

---

MR. CHIEF JUSTICE BEARD delivered the opinion of
the Court.

On December 6, 1898, A. G. Cox recovered a judgment against J. O. Cox in a court of record in the county of Shelby, where the defendant then resided. Several months before the rendition of this judgment, the defendant debtor transferred all of his real estate in that county to one Mrs. McGuoy, the deed to her being at once put of record in the register's office. In 1900 the complainant, Gordon, opened negotiations with a real estate company in Memphis, which, as an agent, had for sale some of the lots covered by this deed, for a purchase of the same. These negotiations ended with an agreement on the part of Gordon to buy. After this agreement, but before the completion of the contract of purchase, the complainant was informed that Mrs. McGuoy declined to make a deed direct to him, but was willing to make it to the original vendor, J. O. Cox, who would convey to the complainant. The complainant accepted in good faith this modified arrangement, and without any suspicion that there was any fraud in the original transaction between J. O. Cox and Mrs. McGuoy. Thereupon a deed was made by Mrs. McGuoy to J. O. Cox, and he and his wife executed a conveyance to complainant, Gordon, and the two deeds were withheld by the respective grantors, and were simultaneously delivered to the complainant, Gordon, who at the same moment delivered them to the proper officer in Shelby county for registration. At the time of the delivery of these deeds to complainant, he paid the purchase money, and so much as was left, after settling the taxes on the

property and certain expenses, was divided between Mrs. McGuoy and the wife of J. O. Cox. Soon thereafter, an execution was issued upon the judgment before referred to, and levied upon the property purchased by Gordon. To enjoin a sale under this levy, the present bill was filed.

We think this case clearly falls within the authority of *Huffaker* v. *Bowman,* 4 Sneed, 94. J. O. Cox was merely a conduit for the transmission of the title from Mrs. McGuoy to the purchaser, and there was no such seisin in him as would afford a point of time for the lien of this judgment to attach. We think it immaterial whether the original transaction between Mrs. McGuoy and the judgment debtor was fraudulent or not. If it was not fraudulent, then the judgment creditor had no more right to levy upon this property than if Cox had been a stranger to the title, and yet had been selected by the vendor as a channel through which she saw proper to convey to her vendee. On the other hand, if it was fraudulent, Gordon in no way participated in this fraud, nor was he advised of any wrong that might have been perpetrated by the parties. In either event, he was entitled to the benefit of the rule as announced in *Huffaker* v. *Bowman,* supra.

It is insisted, however, that the case of *Gregg* v. *Jones,* 5 Heisk., 459, is authority for the contention of the judgment creditor. We do not think so. That case was rested alone upon the construction of section 2399 of the Code of 1858 (Shannon's Code, sec. 4139), which

---

Gordon v. Cox.

---

gave a widow dower in all the estate, both legal and equitable, of which her husband died seized and possessed. This case has never been understood to shake in the slightest degree the authority of *Huffaker* v. *Bowman*, supra.

The decree of the chancellor is affirmed.