LEN HERNDON CO., INC. *v.* POLK *et al.*

*(Nashville,* December Term, 1947.)

Opinion filed July 17, 1948.

EGGLESTON, CAMPBELL & ALEXANDER, of Franklin, for Len Herndon Company, Inc.

ROBT. H. POLK of Franklin, and JOS. L. LACKEY, of Nashville for Polk.

TYLER BERRY, JR., of Franklin, for Mrs. Disspayne.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill in this cause was filed by complainant, Len Herndon Company, Inc., to recover the sum of $1,169.27 of defendant, Robert H. Polk, an attorney of Franklin. There was a written contract between the parties, under the terms of which complainant was to make certain improvements in defendant's law offices in Franklin, such as remodeling, decorating, etc.

The bill charged that defendant is insolvent and owes numerous other creditors, and that he has admitted his inability to pay his debts. The bill further charged that defendant has no legal interest in the property, but does own a small tract of land in Williamson County, of very little value, and also owns an equity in 139 acres of land in Williamson County, which complainant seeks to reach, or at any rate to obtain a judgment on the claim sued on.

Defendant filed a demurrer to the bill stating want of equity; that complainant sought priority and, therefore, could not maintain a general creditors' bill; furthermore, that a bill of this nature could not be reached except by judgment at law first obtained.

Complainant prayed for and an attachment was issued in aid of the bill, but counsel in their brief frankly state

that complainant was not entitled to an attachment on the statements made in the bill and, therefore, abandoned it.

 The Chancellor overruled the demurrer and defendant has appealed. We think the demurrer was properly overruled. In demurring to the bill, defendant admitted all the charges as to the facts. It does not appear that complainant sought any priority in the filing of its bill in equity. There was certainly no reason why complainant could not sue upon its claim in equity and reduce it to judgment. Complainant had no judgment at law, but it insists that even though this is true, defendant had no property except real estate encumbered by mortgage. However, this is not sufficient to authorize a general creditors' bill. *Hutchins* v. *Wilson*, 141 Tenn. 297, 210 S. W. 155. It appears that complainant had an account against defendant which it had not reduced to judgment.

 It is true that under Williams' Code, sec. 10358, a bill may be filed before judgment, execution, and return of *nulla bona*, for the purpose of setting aside fraudulent conveyances or other devices to hinder and delay creditors, and for subjecting the property conveyed to the payment of debts (*Templeton* v. *Mason*, 107 Tenn. 625, 65 S. W. 25, and *Citizens' National Bank* v. *Watkins*, 126 Tenn. 453, 150 S. W. 96), but in such case no judgment at law is necessary. Here the complainant shows no cause for not having exhausted its legal remedies, and such being the case, it is not entitled to maintain this suit.

The cause will be remanded to the chancery court of Williamson County in order to allow complainant an opportunity to reduce its claim to judgment.

All concur.