FITE *et al. v.* JENNINGS *et al.*

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

GEORGE S. BUCKNER, of Murfreesboro, for appellants.

EDWARD SEDDON, of Murfreesboro, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Under the averments and proof offered in support thereof of an original bill of the Fites, they recovered a judgment against Jennings on March 30, 1950. Prior thereto other creditors of Jennings had recovered a judgment against him in the same court. On this prior judgment an execution had issued and had been levied on the interests of Jennings in certain tracts of land in Rutherford County. His interests therein, under this execution, were sold on April 29, 1950. The judgment creditors in the suit in which the execution was levied on the land became the purchasers. The sheriff did not make the purchasers a deed. Insofar as this record

shows Jennings remained in possession of the land. When the Fites filed their original bill an attachment was issued and levied on the same land that was levied on prior thereto by the judgment which was rendered prior to the Fite judgment but this levy of the attachment in the Fite suit was second in point of time to the levy in the prior suit. The prior judgment creditors obtained a prior lien on the Jennings interest in this land and since this is true the Fite judgment never became a lien on the land after sale.

On May 4, 1950, the appellee, Mrs. Wood, purchased from Jennings his interest in the land for a recited consideration of $1755.00, as set out in the deed by various notes that Jennings owed her. Jennings executed to her, on this date, a deed conveying his interest in the land as well as his statutory right of redemption. This deed of course passed to Mrs. Wood the naked legal title of Jennings to the land as well as his statutory right to redeem.

On the same day that Jennings executed this deed to Mrs. Wood her attorney paid to the attorney of record of the prior judgment creditors the amount of their bid at the sheiff's sale for the Jennings land. Among other things the receipt for this money recited that "it was without recourse on the said purchasers under said execution."

On June 13, 1950, the Fites filed a supplemental bill alleging the above transactions and alleging further that the conveyance of Jennings to Mrs. Wood of May 4, 1950, was fraudulent, null and void, and praying that the same be so declared. It is apparent from the allegations of this supplemental bill that the Fites conceded that the consideration for said conveyance was a cancellation of an old debt due Mrs. Wood by Jennings. Fraud is

alleged in general terms but there is no factual allegation of fraud in this supplemental bill. At the most it would be fraud in law and not fraud in fact. There is no allegation in this supplemental bill that the consideration paid by Mrs. Wood was inadequate or was a fraudulent scheme on her part to acquire this property in opposition to other creditors by defrauding them, any further than might be assumed in law that since she knew of the judgment of the Fites that to take a deed from Jennings under such circumstances this would be fraudulent. There is no charge in this bill that the consideration paid was fictitious or inadequate. The fraud assumed is largely based on the averment, that since the Fites had a judgment this constituted a lien and the conveyance to Mrs. Wood was an effort to evade this lien. This was an erroneous conclusion on the part of the Fites.

This supplemental bill was demurred to. The Chancellor first overruled this demurrer but allowed the demurrer to be relied upon in the answer. Later the bill was answered and this demurrer again relied upon and when the Chancellor heard the matter thus he sustained the demurrer to the supplemental bill and dismissed it.

Of course the substance of the demurrer is to the effect that, admitting all these factual situations which were alleged in the bill that then the Fites by their judgment, which was after the judgment under which the property was sold by the sheriff and redeemed by Mrs. Wood, then that their judgment merely by being a judgment did not constitute a lien on the Jennings property prior to the redemption rights which were assigned by Jennings to Mrs. Wood.

The naked legal title to this real estate certainly was in Jennings. The equitable title though was in the purchasers of the land at the sheriff's sale, and at the

time of the filing of the supplemental bill in Mrs. Wood who had purchased the right to redeem from Jennings and in turn had redeemed the land from the purchasers at the sheriff's sale. This Court in *Huffaker* v. *Bowman,* 36 Tenn. 89, 90, 98, said: ''The lien of a judgment (now Code Section 8043) will not, in equity, attach upon the mere legal title to land existing in the defendant, when the equitable title is in another person.'' This case has been followed and cited many times since without making any distinctions in the above holding, which is clearly sound. Clearly there was nothing left in the debtor, Jennings, but the naked legal title with the equity of redemption. This is not the kind of seizin where a judgment would attach to the naked legal title. Even though the sheriff had never executed the deed to the property (we assume that it is conceded that if a deed had been executed by the sheriff then that there would be no legal title in Jennings) then such a deed or the sale by the sheriff would relate to the time of sale. Such a sale should override all liens acquired in the meantime. See *Wood* v. *Turner,* 26 Tenn. 517; *Porter* v. *Cocke,* 7 Tenn. 30; *Rogers* v. *Cawood,* 31 Tenn. 142; *Parker* v. *Swan,* 20 Tenn. 80.

Apparently the supplemental bill in this case is patterned after the case of *Templeton* v. *Mason,* 107 Tenn. 625, 65 S. W. 25. In this case, *Templeton* v. *Mason,* supra, it was held that a debtor's right of redemption in land is subject to attachment, and that a creditor even by judgment, is not compelled to pursue the statutory remedy, Code 7736 et seq., when there has been a fraudulent disposition of property. In the Templeton case the fraud spoken of is fraud in fact and not fraud in law or constructive fraud. In the absence of fraud in fact the right of redemption, given by statute, 7736 et seq.,

to the debtor whose lands have been sold under execution, is a legal right, and cannot be subjected to sale by the Chancery courts upon the bill of a judgment creditor whose execution has been returned nulla bona. This Court beginning with *Weakley* v. *Cockrill,* 74 Tenn. 270, has repeatedly held that under the statutes the remedy of this creditor was made and prescribed "a simple and economical mode of procedure for the redemption of land by the debtor and his creditors. * * * And this legislative provision regulating the whole subject excludes other modes of affecting redemption by a creditor who has become the purchaser at the sale."

Under the allegations of this supplemental bill Mrs. Wood was a bona fide creditor of Jennings and as such she apparently proceeded under Code Section 7740, wherein it is provided in part, that: "A bona fide creditor, who redeems from the purchaser at the sale, shall hold the property subject to redemption by the original debtor, or any other of his creditors, upon the same terms on which it was redeemable in the hands of the first purchaser or any person claiming under him; * * *."

Of course under these Code Sections, 7736-7740, as held by the Chancellor, "the Fites can still redeem from Mrs. Wood in the manner as provided by statute. They would not be liable to pay to her or reimburse her for the amount that she paid Jennings or for the debt that she cancelled in consideration of his conveyance, but they would only be bound to pay the redemption sum plus interest, etc., as provided by statute."

When Mrs. Wood paid the redemption money to the purchasers at the sheriff's sale the entire naked title to the land immediately revested in Jennings, if it was ever out, which we do not think, by reason of the fact that no sheriff's deed had ever been made. The complete

title though was only the naked title in Jennings and at most when the transaction was had between Jennings and Mrs. Wood it was merely momentarily vested in him and he was no more than a conduit through which the whole title passed to Mrs. Wood.

The supplemental bill does not charge that the consideration in the deed from Jennings to Mrs. Wood was fictitious or inadequate. The bill apparently assumes that these things were honest and correct and it is not questioned that Mrs. Wood in redeeming his property was doing so for herself and not for Jennings.

It cannot be doubted that Jennings, the judgment debtor, had absolute right to sell and dispose of his statutory right of redemption. This was the effect of his deed to Mrs. Wood.

The Chancellor was of the opinion, and based his decree on the fact, that under the facts as presented by this supplemental bill, which is demurred to, that the case clearly falls within the authority of *Huffaker* v. *Bowman*, 36 Tenn. 90. We think that the Chancellor was correct. At a much later date this Court in *Gordon* v. *Cox*, 110 Tenn. 306, 75 S. W. 925, again reaffirmed the holding of *Huffaker* v. *Bowman,* supra. In this case the Court said: ''If it was not fraudulent, then the judgment creditor had no more right to levy upon this property than if Cox had been a stranger to the title, and yet had been selected by the vendor as a channel through which she saw proper to convey to her vendee.''

We have spent several days considering this matter, the various and sundry authorities, and are convinced that the Chancellor was correct in his decree. It is, therefore, affirmed with costs.