FITE *v.* WOOD.

(*Nashville,* December Term, 1951.)

Opinion filed July 11, 1952.

George S. Buckner, of Murfreesboro, for appellant.

Edward Seddon, of Murfreesboro, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

The questions for decision are (1) whether the rule of res adjudicata is applicable in this case, and if not,

(2) whether "a judgment creditor can redeem land sold under judgment execution after the judgment debtor's statutory right of redemption has been exercised by" the judgment debtor's assignee.

Herman Rhodes obtained in Chancery a money judgment against Grady Jennings. An execution issued and was levied by the sheriff on the undivided interest of judgment debtor Jennings in certain land. At the sale under this levy judgment creditor Rhodes became the purchaser at a sum in excess of his judgment. He satisfied his judgment and paid the balance of the purchase price into Court. No deed was made by the sheriff to this judgment creditor purchaser. So, there remained in the judgment debtor, Jennings, the right of redemption, Code, Section 7738, plus the bare legal title, with equitable title, subject to this right of redemption, in Rhodes, the purchaser at the execution sale. *Fite* v. *Jennings*, 193 Tenn. 250, 246 S. W. (2d) 1, 3.

Fite, the appellant here, had also obtained in chancery a money judgment against Jennings. That judgment was obtained after Rhodes had obtained his aforesaid judgment.

Five days after Rhodes had purchased the property at the sheriff's sale, the judgment debtor, Jennings, executed a deed conveying his interest in the land to Mrs. Wood, the appellee here. This sale was without fraud and for a valuable consideration. Therefore, as between the judgment debtor, Jennings, and Mrs. Wood, the effect of this deed was to vest in Mrs. Wood the bare legal title to this land plus Jennings' statutory right of redemption. As to that right Mrs. Wood by this deed became the assignee of the judgment debtor, Jennings. She recorded that deed the same day, and exercised judgment debtor's

right of redemption, which had been assigned to her, as aforesaid, by paying Rhodes, the purchaser at the execution sale, the amount with interest and expenses which he, Rhodes, as purchaser, had paid for the land at that sale.

About five weeks later Fite, appellant here, filed his bill, (Fite v. Jennings, supra), alleging that the aforesaid conveyance by judgment debtor, Jennings, to Mrs. Wood was fraudulent, as a matter of law, and void. No fraud in fact was alleged. The relief sought was a decree declaring void, as against him, Fite, the aforesaid conveyance from judgment debtor, Jennings, to Mrs. Wood. This relief was predicated upon the insistence that Fite's judgment, ipso facto, created a lien in favor of Fite on Jennings' interest in the land, that interest being, as above stated, the bare legal title, plus the statutory right of redemption given him by Code Section 7738, and that this lien (so Fite insisted) was impressed upon this land at the time Mrs. Wood, as Jennings' assignee, redeemed from Rhodes, the purchaser at the execution sale.

Jennings and Mrs. Wood demurred to this bill, thereby presenting for determination Fite's aforesaid insistence. The Chancellor sustained the demurrer, thereby rejecting Fite's insistence that he had a lien on Jennings' interest in this land at the time of Jennings' conveyance to Mrs. Wood, or at the time Mrs. Wood redeemed that interest from Rhodes.

On Fite's appeal this Court affirmed the Chancellor in Fite v. Jennings, supra, announced on February 9, 1952. In that opinion, after holding, for the reason stated in the opinion, that Fite's judgment was not a lien on Jennings' interest in this land at the time of Jennings' conveyance and assignment to Mrs. Wood, or at the time Mrs. Wood redeemed from Rhodes, this opinion then further said

that Mrs. Wood "apparently proceeded under Code Section 7740" as a bona fide creditor to redeem this land, and that " 'the Fites can still redeem from Mrs. Wood in the manner as provided by statute'." The Chancellor had likewise made that statement in his opinion sustaining the aforesaid demurrer.

In making the statement that Mrs. Wood "apparently proceeded under Code Section 7740" as a bona fide creditor to redeem this land, and in making the statement that " 'the Fites can still redeem from Mrs. Wood in the manner as provided by statute' ", we made statements that were irrelevant to the sole question involved in suit. That sole question was whether Fite's judgment was a lien on Jennings' interest in that land at the time of Jennings' conveyance to Mrs. Wood, or at the time Mrs. Wood redeemed from the execution purchaser, Rhodes. Clearly, therefore, each of these statements was dictum.

Moreover, the conclusions we reached in the aforesaid dictum were erroneous. Mrs. Wood was not proceeding as a creditor in redeeming this land from Rhodes. She was proceeding as the assignee of the judgment debtor, Jennings, to exercise the right of redemption given to Jennings as such debtor by Code Section 7738. That she was so proceeding is manifested upon the face of the opinion.

Shortly after the announcement of our opinion Mr. Fite tendered to Mrs. Wood the amount with interest which she had paid to Rhodes in redeeming this land. Mrs. Wood refused to accept the money. Thereupon Fite filed his bill in the case now under consideration, and paid this money into Court. He likewise increased the bid by adding the amount of his judgment and satisfying that judgment. All this was made known by the allega-

tions of his bill in this second suit. In that bill he likewise asserted that the aforesaid dictum in our opinion established it as a fact that he had the legal right to redeem from Mrs. Wood in the manner attempted. However, this bill did not call it dictum.

The relief prayed by Fite's bill in the present suit is (1) that Mrs. Wood be required to deliver him a deed showing that he had redeemed from her Jennings' interest in this land, or that the sheriff be directed to convey that interest to him as a redeeming creditor, and (2) that the deed from Jennings to Mrs. Wood be removed as a cloud on his title, and (3) that he be declared the absolute owner of this land unless it is redeemed by a bona fide creditor within two years from April 29, 1950.

Mrs. Wood demurred to the bill. Consistent with the insistences made by that demurrer, the Chancellor held (1) that each of the heretofore quoted statements in the former opinion of this Court, and in his opinion in that case, was dictum; hence, that Fite's insistence as to res adjudicata is not tenable, and (2) that "where a judgment debtor or his assignee has redeemed a creditor cannot redeem from such redemptioner".

Fite has again appealed, thereby presenting for determination here the two above stated questions.

It has hereinbefore been determined that each of the statements in our former opinion now relied on by Fite to sustain his plea of res adjudicata is dictum. So the question is whether by reason of such dictum the determinative question involved in this suit is res adjudicata. It was not an issue in the previous suit.

In point is the holding in *Staten* v. *State,* 191 Tenn. 157, 159, 232 S. W. (2d) 18, 19, viz.:

"Courts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. The term 'dictum' is an abbreviation of 'obiter dictum' which means generally a remark or opinion uttered by the way. Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is made aside or on the way and is, there- fore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum."

We necessarily conclude that Jennings v. Fite, supra, is not res adjudicata of the question involved here. That question is whether a judgment creditor can redeem land sold under a judgment execution after the judgment debtor's statutory right of redemption has been exercised by the judgment debtor's assignee who purchased for a valuable consideration and without fraud that debtor's statutory right of redemption.

A bona fide creditor who redeems the land must hold it subject to redemption by any other such creditor of the judgment debtor. Code Section 7740 expressly so provides. The insistence here made by appellant Fite is that judgment debtor's assignee who has redeemed the property likewise holds it subject to redemption by any bona fide creditor of the judgment debtor. It is upon this premise that Fite rests his case.

A judgment debtor's right to redeem is fixed by Code Section 7738. Unlike Code Section 7740, defining the rights of creditors, it is not provided by Code Section 7738 that when the judgment debtor redeems he shall

hold the land subject to the right of bona fide creditors to redeem from him. Therefore, if we should hold that a judgment debtor who redeems his land holds it thereafter subject to redemption by a bona fide creditor, we would do nothing less than add to Section 7738 a provision to that effect. We have no authority to do that. So, it must be concluded that a redeeming judgment debtor does not hold his redeemed land subject to further redemption by a bona fide creditor.

■■ When a judgment debtor assigns his right of redemption for a valuable consideration and without fraud his assignee acquires whatever right of redemption the assignor had. Therefore, when such assignee redeems the land it is not subject to further redemption by the creditor of the assignor because it is not subject to redemption by a creditor when redeemed by the assignor (judgment debtor). *Reaves* v. *Bank of Hartsville* referred to in the Chancellor's opinion, and being an opinion of the Court of Chancery Appeals reported in 64 S. W. 307, 308, expressly so held, the exact holding of the Court being that "when the right of redemption is once exercised by the debtor or his assignee, no creditor can thereafter redeem * * *." That opinion was orally affirmed by this Court.

*Reaves* v. *Bank of Hartsville,* supra, has never been overruled, in so far as we can find. The case of *Carden* v. *Spilman,* 1 Shannon Tenn. Cas. 10 is referred to by appellant Fite as holding to the contrary. The Reaves case does not refer to the Carden case, but the Reaves case was decided in 1900. The Carden case was decided in 1847. If there be a conflict between the two holdings, then the Reaves case must be treated as overruling, in effect, the Carden case.

In the Reaves case, as in the case at bar, the assignee had redeemed the land from the purchaser at the execution sale. In the Carden case the execution debtor for a valuable consideration executed an absolute deed conveying the land to the purchaser at the execution sale. Therefore, the right of redemption given by Code Section 7738 was not exercised by the judgment debtor in the Carden case. Until the right of redemption is exercised by the judgment debtor, or his assignee, any bona fide creditor has the right under Code Section 7740 to redeem the land from the purchaser at the execution sale. In that situation it was held in the Carden case that the debtor could not ''release his equity of redemption so as to effect other judgment creditors of their right to redeem''. In the Reaves case, and in the case at bar, the right of redemption was exercised by the judgment debtor's assignee as provided by Code Section 7738. And, as heretofore noted, Code Section 7738 does not give creditors a right to redeem from a redeeming judgment debtor or his redeeming assignee.

The decree of the Chancellor will be affirmed with costs adjudged against Fite and his sureties.