IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 19, 2003 Session

# THE STATE OF TENNESSEE IN ITS OWN BEHALF AND FOR THE USE AND BENEFIT OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. DELINQUENT TAXPAYERS AS SHOWN ON THE 1998 REAL PROPERTY TAX RECORDS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, ET AL.

Direct Appeal from the Chancery Court for Davidson County
No. 00781-III     Ellen Hobbs Lyle, Chancellor

No. M2002-00718-COA-R3-CV - May 20, 2003

This case involves the question of whether the statutory right of redemption enjoyed by the owner of property sold to recover delinquent taxes may be conveyed to a third party who may then exercise that right and redeem the property. We affirm the decision of the trial court, finding that the statutory right of redemption may be conveyed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, joined.

Quisha A. Light, Winchester, Tennessee, for the appellant, James E. Brown.

Jonathan C. Stewart, Nashville, Tennessee, for the appellee, Jackie Rich.

**OPINION**

The facts, as contained in the trial court's order, are as follows:

In 1979, Raymond Stout, owner of the subject property, died. The property then passed by intestate succession to Maud B. Stout. Ms. Stout paid the taxes on the property until 1998. A delinquent tax suit was filed on March 31, 2000. On April

17, 2000, the executrix and residuary beneficiary of Ms. Stout's estate, Bebe Shupe, sent a letter in response to the summons in the case, stating that Ms. Stout made no claim to the property and that it could be disposed of as the State saw fit.[1]

At the September 13, 2000 delinquent tax sale, the [Appellant, James E. Brown,] acquired the property, subject to the statutory right of redemption. Thereafter, on October 2, 2000, the [Appellee, Jackie Rich,] entered into an option contract to buy the subject property from Ms. Stout for $16,500. However, Ms. Stout died on January 14, 2001, before the [Appellee] exercised the option and closed on the property. As executrix and residuary beneficiary of Ms. Stout's will, Ms. Shupe then sold the property to the [Appellee] for $700 by warranty deed dated May 9, 2001 and received in Davidson County on July 23, 2001. On October 5, 2001, within one year after entry of an order of confirmation of the tax sale, the [Appellee] tendered funds to redeem the subject property.

While the Appellant raises several issues, we agree with the trial court that the question before the court is simply whether the statutory right of redemption may be conveyed and/or transferred subsequent to a delinquent tax sale of the subject property.[2]

### Standard of Review

We review a trial court's findings of fact *de novo* upon the record of the trial court. Such review is accompanied by a presumption of correctness, unless the evidence preponderates against such findings. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403,404 (Tenn. 1999). Questions of law are reviewed *de novo*, with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

### Right to Redeem

The evidence contained in the record supports the trial court's aforementioned recitation of the facts. Accordingly, as stated, the sole question before this Court is whether Appellee is a "person entitled to redeem property" under Tenn. Code Ann. § 67-5-2701, which provides that

[f]or purposes of this part, "person entitled to redeem property" includes any person who owns a legal or equitable interest in the property sold at the tax sale and creditors of the taxpayer having a lien on the property. . . .

---

[1] While the Appellant portrays this as a valid disclaimer by Ms. Stout as to all her interest in the subject property, it clearly does not meet the conditions for a valid renunciation or disclaimer of succession as set forth in Tenn. Code Ann. § 31-1-103. Therefore, upon the death of Mr. Stout, the property passed to Ms. Stout via intestate succession.

[2] Even if we were to assume that the other issues that Appellant raises are properly before this Court, our ultimate disposition of the case renders such issues moot.

Tenn. Code Ann. § 67-5-2701(a)(1998).

The right of redemption at issue in this case arose from a tax sale. In the absence of precedents addressing the right of redemption arising from such a sale, we will look to other cases involving the right of redemption for guidance. As it concerns the issue before us, we see no practical difference between the right of redemption arising from a tax sale, and that arising under other circumstances.[3]

The trial court found that upon Mr. Stout's death the property at issue passed to Ms. Stout via intestate succession. Accordingly, when the property was subsequently sold, and the right of redemption arose, that right belonged to Ms. Stout.[4] Ms. Stout's will devised the subject property to Ms. Shupe, who then became the holder of the right, for "[t]he owner may convey or devise the right of redemption." 72 Am. Jur. 2d *State and Local Taxation* § 909 (2002). Thus, it is clear that Ms. Shupe could herself have exercised the right of redemption which she received via the devise from Ms. Stout. Additionally, Tennessee authorities support the aforementioned contention that Ms. Shupe, as the owner of the right, could convey such right to a third party.

In Tennessee it is well settled that "[t]he right of a party, whose land has been sold by judicial sale, to redeem that land has always been treated as an estate or interest in the land *which he might sell*, or which would descend to his heirs." *Herndon v. Pickard*, 73 Tenn. 702, 704 (Tenn. 1880) (emphasis added) (citations omitted). A case illustrating this point is the case of *Fite v. Jennings*, 246 S.W.2d 1 (Tenn. 1952), where Mr. Jennings' interest "in certain tracts of land in Rutherford County. . . .were sold on April 29, 1950." *Id.* The sale was ordered to satisfy a judgment recovered against Mr. Jennings. *Id.* Subsequent to the sale, in May of 1950, Mrs. Wood purchased from Mr. Jennings his interest in the land. *Id.* at 2. Mr. Jennings executed a deed to Mrs. Wood which "convey[ed] his interest in the land as well as his statutory right of redemption." The *Fite* court noted that "[t]his deed *of course* passed to Mrs. Wood [Mr. Jennings'] statutory right to redeem." *Id.* (emphasis added). More importantly, the court went on to unequivocally announce that "[i]t cannot be doubted that Jennings, the judgment debtor, *had absolute right to sell and dispose of his statutory right of redemption*[,]" and that "[t]his was the effect of his deed to Mrs. Wood." *Id.* at 3 (emphasis added). *See also Reaves v. Bank of*

_____

[3]This determination is strengthened by decisions of other jurisdictions which have found the right of redemption arising from a tax sale to be subject to conveyance. *See Wyatt v. Beard*, 15 S.W.2d 990, 991 (Ark. 1929) (stating that the right of redemption arising from a tax sale belongs to "any person having an interest in or title to the land sold . . . and it is immaterial whether this title or interest existed at the time of the . . . sale. It suffices if it existed or is acquired before the period of redemption expires."); *Belmore v. State Tax Comm'n*, 245 P.2d 149, 153 (N.M. 1952) (opining that the statutory right of redemption arising from a tax sale is "an interest which the former owner may assign or devise or which will pass to his heirs if he dies intestate. . . .").

[4]Appellant argues that in order to convey the right of redemption, if such right is capable of being conveyed, the conveyance must take place prior to the sale of the property. This is clearly not the case, as the statutory right of redemption does not arise until the property has been sold. "The right . . . of redemption from a tax sale is granted to . . .the former owner of the forfeited land. . . ." 72 Am. Jur. 2d *State and Local Taxation* § 909 (2002). This fact, that the right is granted *to the former owner*, makes it clear that the right does not exist prior to the sale of the property.

*Hartsville*, 64 S.W. 307 (Tenn. Ct. App. 1900) (stating that "the right of redemption exists in the original debtor . . . and . . . this right may be transferred to a third party, who will then stand in the shoes of the debtor, and may redeem, just as he could have redeemed.").

Appellant argues that since the deed in the present case, unlike the deed in *Fite*, did not specifically state that the right of redemption was being conveyed[5], that the deed was ineffective to transfer such right. We cannot agree. A conveyance in fee simple "transfer[s] all the right, title and interest" possessed by the assignor. *Graves v. McFarland*, 42 Tenn. (2 Cold) 167 (1865). In the present case, the only interest possessed by the assignor was the right of redemption.[6] Accordingly, Ms. Shupe's attempted conveyance in fee simple was effective to transfer all her interest in the subject property which, in this case, consisted solely of the right of redemption.

Support for this conclusion is drawn from *McClean v. Harris*, where the court noted that

> [t]his view is inevitably correct, unless we assume that a party having only a right of redemption can convey a larger estate than he has in himself. *The fact that he assumes to convey the fee cannot change the principle*, it being too clear to need authority or argument that such conveyance only operates to convey the estate of the conveyor, and is inoperative as to any thing beyond that. . . .

*McLean v. Harris*, 82 Tenn. 510, 517 (1884) (emphasis added).

### *Conclusion*

Based on the foregoing authorities, the ruling of the trial court that Ms. Shupe's sale of the right of redemption of the subject property to Appellee was proper, is affirmed. The costs of this appeal are taxed to the Appellant, James E. Brown, and his surety, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE

---

[5] The warranty deed conveyed the property to Appellee in fee simple.

[6] We note that the deed in question conveyed to Appellee "the said tract or parcel of land, with the appurtenances, estate, title *and interest thereto* . . . ." We construe this language to include the only interest held by the grantor; the right of redemption, for "[a]ny other construction would be to declare the assignment wholly inoperative and void, as to this particular property, and defeat what seems to be the obvious legal import of the language employed." *Graves,* 42 Tenn. (2 Cold) at 170.