**Dave RICE, Plaintiff-Appellant,**

**v.**

**RINGSBY TRUCK LINES and Lawrence Howard Cash, individually and doing business as Ringsby Truck Lines, Defendants-Appellees.**

**No. 13545.**

United States Court of Appeals Seventh Circuit.

May 2, 1962.

ly direction was a tractor-trailer owned by Ringsby Truck Lines and driven by defendant Cash.

A collision involving plaintiff's tractor-trailer unit occurred about 5 a. m. on a foggy morning. The highway was of concrete construction, the paved surface having a width of eighteen feet and consisting of two lanes of travel. At the time of the collision, the Ringsby unit had stopped or was in the process of stopping, at a point just east of a small bridge. The plaintiff's unit attempted either to pass or to avoid the Ringsby unit, and swung into the eastbound lane, colliding with two tractor-trailer units being driven in the south lane in an easterly direction.

It is the plaintiff's claim that the Ringsby tractor-trailer stopped suddenly without giving any warning, by lights or otherwise, and obstructed the north half of the highway, thus causing plaintiff's unit driven by Rice to enter the southerly half of the highway. Plaintiff Rice received serious personal injuries for which he seeks damages of $200,000. Plaintiff Harper seeks to recover the value of his tractor-trailer unit.

A trial of the issues herein was held, but the jury was unable to agree upon a verdict and was discharged. In the meantime, a suit for property damage arising out of the same occurrence as described in the complaint herein, had been commenced in the Circuit Court of Rock Island County, Illinois. The case was entitled: General Expressways, Inc., a corporation v. Frank B. Mason, d/b/a Mason & Sons, Western Transportation Company, a corporation and Ringsby Truck Lines, a corporation. Plaintiff Rice was not a party to this suit, but testified at the trial as a witness.

In the Rock Island case, the jury rendered a verdict in favor of General Expressways against Frank B. Mason, but exonerated Ringsby Truck Lines. The verdict was a general verdict. No interrogatories were submitted. It was admitted in that case that Dave Rice was the driver of the Mason tractor at the time of the collision. The trial court gave

Kevin D. Kelly, La Salle, Ill., Sidney Z. Karasik, Chicago, Ill., George W. Angerstein, Chicago, Ill., of counsel, for appellant.

Oswell G. Treadway, Joseph H. Hinshaw, Leonel I. Hatch, Jr., Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This suit was commenced by plaintiff Dave Rice to recover damages for personal injuries and by plaintiff Harry Harper for damages to his tractor-trailer, occasioned by the alleged negligence of the defendants in driving and operating another tractor-trailer.

On April 18, 1957, plaintiff Rice was driving a 1958 Diamond T tractor pulling a semitrailer, in a westerly direction on public highway 92 in the County of Bureau, Illinois. The tractor-trailer had been leased to Frank B. Mason, d/b/a Mason & Sons, and Rice was an employee of Mason. At the same time, on the same highway, and also proceeding in a wester-

detailed instructions as to the duties of a driver of an automotive vehicle on Illinois highways. The Court also instructed in support of General Expressways' theory that Mason was chargeable with derivative responsibility for Rice's operation of the vehicle. The Court also instructed as to the statutory requirements as to brakes on motor vehicles being maintained in good working order.

After judgment had been entered in the Rock Island case, defendants in the case at bar moved for judgment in their favor. They claimed the jury verdict and the judgment in the Rock Island case adjudicated the negligence of Dave Rice while operating the equipment of Harry Harper, and that such verdict and judgment operated as a bar to the further prosecution of the instant case by reason of the doctrine of estoppel by verdict or judgment or both.

Defendants did not submit to the District Court the complete record of the Rock Island trial, but instead, presented a certified copy of the jury verdict, the judgment and several, but not all, of the instructions which had been submitted to the jury.

The District Court held that although Rice was not a party to the Rock Island litigation, his negligence imputable to his master, Frank B. Mason, was there litigated, and operated as a bar to the relitigation of that issue in the case at bar. The Court held plaintiff Rice was barred by the "doctrine of estoppel by verdict."

Although acknowledging Rice was not a party to the Rock Island suit, it was the view of the District Court that " * * * the contributory negligence of plaintiff Rice, as driver of the Rice-Harper unit, was litigated in the Rock Island County suit filed against his employer, Frank Mason; that Mason was there held liable for the negligence of his servant, Rice, and that the issue of Rice's negligence cannot be relitigated in this suit."

The District Court granted the motion of dismissal as to Rice but denied the motion as to Harper saying, "Plaintiff Harper was not a party to the Rock Island County suit and was merely a bailor of the Rice-Harper unit. As the negligence of a bailee is not imputable to a bailor, no negligence, for which Harper may be held accountable, was litigated in the Rock Island suit (Gilman v. Lee, 23 Ill. App. [2d] 61 [161 N.E.2d 586] (1959))."

On August 18, 1961, a motion was filed upon behalf of plaintiff Rice asking the Court to reconsider the judgment of dismissal. Attached to the motions were two affidavits of Virgil Bozeman, an attorney who represented Mason in the Rock Island case. Bozeman identified Instruction Five given in that trial. Included was the instruction as to brakes.

The second affidavit by Bozeman was that there was no evidence in the Rock Island trial that Dave Rice had knowledge, before the accident, that a chain had been affixed to the brake on the unit which Rice was driving on the day of the accident. It was the opinion of Bozeman that the evidence of the defective brake was the principal reason for the jury rendering the verdict against Mason in the Rock Island suit.

Before the District Court acted on the motion to reconsider the judgment of dismissal, Rice filed a notice of appeal to this Court. He waited to do so until thirty days after the date of the judgment of dismissal. The District Court gave no consideration to the Bozeman affidavits, ruling that since a notice of appeal had been filed while the post-judgment motions were pending, the Court was without jurisdiction to consider them.

Rice has not had his day in court by reason of the Rock Island litigation. He was not a party to that suit. He had no voice in the conduct of that suit. He had no right to examine witnesses or to take other action in order to protect his interests. It is no answer to say that he might have petitioned to intervene in that suit. He already had his own suit pending— indeed, he had been through one trial.

The rights of a seriously injured truck driver are at stake. His right to have a trial of his own lawsuit should not be foreclosed by other litigation to which he was not a party and where it is not cer-

tain that the verdict was based upon his negligence. The verdict in the Rock Island case did not specify under which of two possible theories Mason was negligent.

A new trial has been ordered for Harper. It will be no great inconvenience for the claim of plaintiff Rice to be decided at the same time. In this manner, he will have his day in court to which he is entitled.

The judgment of the District Court dismissing the suit as to plaintiff Rice is reversed and remanded for a trial on the merits.

Reversed and remanded.