JAMES M. SHELLEY, Plaintiff in Error,

*v.*

JOHN L. GIPSON and RICHARD H. GIPSON,
Defendants in Error.

400 S.W.2d 709.

(*Nashville,* December Term, 1965.)

Opinion filed March 2, 1966.

2

Joe S. Bean, Winchester, Ben Kingree, III, Bobo, Tarpley & Kingree, Shelbyville, for plaintiff in error.

3

CLINTON H. SWAFFORD, HAYES & SWAFFORD, Winchester, for defendants in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

James M. Shelley has appealed from the action of the trial court in sustaining a plea in abatement to his suit for damages. The record shows that on August 3, 1962, Richard H. Gipson was driving an automobile owned by his father, John L. Gipson, when it collided with an automobile owned and operated by James M. Shelley. In this accident both parties were injured.

Richard H. Gipson and his father filed suits for damages against James M. Shelley in the Circuit Court of Franklin County, Tennessee, on August 9, 1962. On October 29, 1962, Shelley filed an independent action against both of the Gipsons. General issue pleas were filed on behalf of all the defendants in these three cases.

In order to develop the issues for decision here, we quote from a splendid memorandum and supplemental

memorandum filed by the trial judge, in which he says that James M. Shelley was a rural mail carrier and at the time of the collision was engaged in delivering mail on the route assigned to him.

The United States District Attorney, acting under the authority of an amendment to Title 28 of the United States Code, Section 2679, passed September 21, 1961, procured the defendant (plaintiff here) James M. Shelley, to file a petition for removal of the cause against him to the Federal Court. The amending act of Congress provides that:

"The remedy by suit against the United States as provided by Section 1346 (b) of this title for damage to property or for personal injury including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office of employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

The amending act further provides for the removal of such cause to the Federal Court and the proceedings to be followed effecting such removal; and what when removed the case shall proceed as a tort action against the United States.

The case was removed as aforesaid and Shelley signed the petition for removal prepared by the United States District Attorney. In regard to that removal Shelley said, in an affidavit appearing in the record before us, that at the time of the automobile accident on August 3, 1962, he was performing his duties as a postman for the United

States Government and that because of this fact he was informed by his insurance carrier and the Government that the case would be removed to the United States District Court for the Eastern District of Tennessee, and he was instructed to sign a petition for removal of the same, which he did, as aforesaid, and that after the removal was accomplished the United States of America was substituted in his, Shelley's, place as party defendant.

The affidavit further provided that after removal of the cases to the federal court, the defense of the same was undertaken by the United States District Attorney for the Eastern District of Tennessee and that during the process of the defense of these suits, he had

* * * no opportunity to control the progress and defense of the same, to introduce or cross examine witness in my own behalf, to employ an attorney to represent my rights or to personally appeal from the judgment of the Federal Court which was entered April 3, 1964, said judgment dismissing the plaintiffs', Gipsons, suits against the United States of America; that I was informed at all times by the United States Attorney and my insurance carrier that the United States was under a legal duty to defend me and had exclusive control of the litigation; that my only participation in the Federal Court litigation was in the capacity as a witness for the United States of America; that the questions propounded to me were from the United States Attorney, and I had no control whatsoever over the scope of his examination.

Upon the hearing in the federal court of the two cases originally brought by the Gipsons against Shelley in which the United States of America was substituted as a

defendant, the federal judge trying the case under the Federal Tort Claims Act found that the plaintiff, Richard H. Gipson, was guilty of proximate contributory negligence and, therefore, could not recover, and then went further and said:

The court finds and concludes that Mr. Shelley was guilty of negligence which was a proximate cause of the accident and resulting injuries to the plaintiffs, in that he did not bring his vehicle to a stop as quickly as a reasonably prudent person would have done under the same or similar circumstances.

Following this holding of the federal court, the Gipsons filed a plea of res judicata in the instant case, insisting that the finding of the federal court of proximate negligence on the part of the plaintiff in error barred his cause of action here. It will be remembered that the case originally commenced by Shelley was left pending in the Circuit Court for Franklin County, and following the action aforesaid, the defendants Gipson withdrew their plea of general issue and filed a plea of res judicata setting up the decision of the federal judge that Shelley was guilty of negligence proximately causing the accident. As we have said before, the plea was sustained and the case is before us on appeal from that order.

The issue here, stated simply, is the correctness of the decision sustaining the plea of res judicata. To determine this we have to consider whether Shelley should be collaterally estopped to try the issues again when he failed to intervene, as he could have, in the case tried in the federal court; and, next, whether he should be bound by the action of the federal judge in determining that he was guilty of proximate negligence as aforesaid when he

was not a party to the case nor was such holding necessary to the judgment in that case.

Our research has failed to develop any case directly in point in Tennessee and there are only a few decisions shedding light on the matter from other jurisdictions.

■ Both briefs refer to *Boring v. Miller,* 215 Tenn. 394, 386 S.W.2d 521 (1965), which states the rule:

A judgment on the merits exhausts the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties and their privies upon the same cause of action. (Citing cases) *National Cordova Corp. v. City of Memphis,* 214 Tenn. 371, 380 S.W.2d 793, 796.

■ In *Cantrell v. Burnett & Henderson Co.,* 187 Tenn. 552, 556-557, 216 S.W.2d 307 (1948), the Court held that the former judgment also estops the parties and their privies in any other cause of action to relitigate any matter which was actually determined in the prior suit.

■ Privity is based on the relationship of two parties, for the purposes of res judicata, only as it pertains to the subject matter of the suits.

In a situation where a party is trying to bring suit against a servant after having been unsuccessful against the master on a vicarious liability claim, the servant is in privity with the master and he can properly plead res judicata against the unsuccessful plaintiff whose suit against the master had been dismissed. *Caldwell v. Kelly,* 202 Tenn. 104, 302 S.W.2d 815 (1957). In the instant case, however, the servant, Shelley, is not the defendant in the second suit, but the plaintiff suing the original plaintiff in the former suit. The significant difference, of course, is

that here the postal employee is asserting his interest for damages which were immaterial to his master, the United States, in the former suit. The trial court held that privity existed between the United States Government and Shelley. We do not agree for the reasons appearing herein.

In *Rice v. Ringsby Truck Lines*, 302 F.2d 550 (7th Cir. 1962), decided under Illinois law, an employer was held liable in the former suit for the negligence of his employee. In the former suit also, the present defendant was an additional defendant, but was exonerated; the plaintiff in the former suit was not involved in the second suit. When the employee sued Ringsby Truck Lines in the second suit it was held that in spite of the fact that the employee's negligence was of necessity decided in the former suit, he could resist the plea of res judicata because:

He was not a party to that suit. He had no voice in the conduct of the case. He had no right to examine witnesses or to take other action in order to protect his interest. It is no answer that he might have petitioned to intervene in that suit. He already had his own suit pending.

This case cites no authority for its holding, but we do have a somewhat parallel fact situation in the case at bar. Shelley was not a party to this suit in the federal court. He had no voice in the conduct of the suit. He had no right to examine witnesses or to take other action in order to protect his interest. As said in that case, it is no answer to say that he might have petitioned to intervene in that suit. He already had his own suit pending in the Circuit Court for Franklin County.

There is another case which is well written and well documented with authority in which the United States Third Circuit Court of Appeals held that an employee might sue the former plaintiff who had recovered judgment against the employer based on the employee's negligence. The case is that of *Makariw v. Rinard,* 336 F.2d 333 (3rd Cir. 1964), decided under Pennsylvania law.

In the case of *Pesce v. Brecher,* 302 Mass. 211, 19 N.E.2d 36 (1939), in which facts similar to those appearing herein were under consideration, it was held that the former judgment was no bar, there being no privity between the employee and employer since the employee had no control over the former action. In a similar case in Ohio, of *Brown v. Wheeling and Lake Erie R. R.,* 77 Ohio App. 149, 65 N.E.2d 912 (1945), it was held that the employee was not barred because he did not have "the opportunity to litigate the same matter in a former action in a court of competent jurisdiction."

The case of *Rice v. Ringsby Truck Lines,* supra, states that it makes no difference that the employee could have intervened in the former suit. We find no case law holding it proper for an employee to intervene in a suit under the Federal Tort Claims Act against his employer, the United States, although Rule 24 of the Federal Rules of Civil Procedure seems to permit it. In Rule 24(a) a party may intervene of right in a federal court suit if the judgment might bind him in some way. Under Rule 24(b) he may intervene with the permission of the court if he has questions of law or fact in common with those of the suit. We have been unable to find any authority saying that a potential intervenor in a situation similar to the instant case, if he neglects to intervene and file a counterclaim

when he could have, will be bound by the judgment of that suit.

Under the general subject of Judgments, 30A Am.Jur., there are several interesting sections which we find of value in determining this case. Section 394 provides:

A party to the principal case is regarded as a stranger to the judgment rendered in the previous action where he was not directly interested in the subject matter thereof, and had no right to make defense, adduce testimony, cross-examine witnesses, control the proceedings, or appeal from the judgment, even though he could have made himself a party to the previous action.

Section 395 provides:

The requirements of due process of law forbid the assertion of a plea of res judicata against the party unless he was bound by the earlier litigation in which the matter was decided.

Section 401, on the same subject, in the same volume of American Jurisprudence states that a person, not a party to the prior litigation, who does not have the right to actively control the same by prosecution of the action or the defense, by employment of counsel, filing of an answer, or controlling the defense, is a stranger to the prior litigation regardless of any employer-employee relationship.

Under comment J, sec. 96, Restatement of Judgments, the following rule is set forth:

A person who is not a party to an action, who is not represented in it and who does not participate in it is entitled to an opportunity to litigate his rights and liabilities.

In the case of *Pesce v. Brecher,* supra, the plaintiff brought suit for personal injuries, and the defendant entered a plea of res judicata or estoppel by judgment. The Supreme Judicial Court of Massachusetts reversed the trial court which had upheld this defense. In the prior case a suit for property damages caused by the same accident was brought against Pesce's employer by Brecher, and, after a finding by the trial judge that Brecher was negligent, judgment was rendered against his employer. The court held that this former adjudication was not a defense to this action and said:

It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party. The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking.

In *Hay v. Hildreth,* 125 So.2d 772 (Fla. App.) suit was brought against the owner of a tractor-trailer alleging negligence of his driver on the doctrine of respondeat superior and judgment was recovered for the plaintiff. In a subsequent suit brought by the widow of the tractor-trailer operator against the driver of the pickup truck

which had collided with the tractor-trailer, the original judgment was held not to be a bar to the subsequent action.

■■ While it is contended that this case involves the application of the principle of res judicata, we think that it is technically one of collateral estoppel. The doctrine of res judicata is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies in the same action in other judicial tribunals of concurrent jurisdiction. This doctrine is distinguished from the doctrine of collateral estoppel which precludes further litigation of the particular facts on which the jury or court necessarily made findings in the former action. Restatement of Judgments, sec. 68.

The determination of the issue in the prior suit, as here, must have been necessary to support the judgment. See *Fite v. Wood*, 194 Tenn. 308, 250 S.W.2d 543 (1952), which approves this statement and cites from the case of *Staten v. State*, 191 Tenn. 157, 232 S.W.2d 18 (1950), in which it was said:

Courts sometime go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. The term "dictum" is an abbreviation of "obiter dictum" which means generally a remark or opinion uttered by the way. Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is made aside or on the way and is, therefore, not a controlling

statement to courts when the question rises again that has been commented on by way of dictum.

To the same effect is the old case of *Cohens v. Commonwealth of Virginia,* 6 Wheat. 264, 398, 19 U.S. 264, 398, 5 L.Ed. 257, 290 (1821), quoted many times in our decisions which hold that:

It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. *Shousha v. Matthews Drivurself Service, Inc.,* 210 Tenn. 384, 358 S.W.2d 471 (1962), and many other cases.

■ The general rule is that, as between the same parties, in the same capacities, and touching the same subject matter, the estoppel of former judgment or decree is conclusive upon every issue which was in the purview of the pleadings and was the subject of controversy in the action or suit. *United States Fidelity & Guaranty Co. v. Bituminous Cas. Co.,* 52 Tenn.App. 43, 371 S.W.2d 801 (1962).

■ In *Booth v. Kirk,* 53 Tenn.App. 139, 381 S.W.2d 312 (1963), the holding turned on a fact that the parties in a subsequent suit were different and this statement is made:

The doctrine of collateral estoppel or estopped by judgment is an extension of the principle of res judicata, and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties, even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment. 53 Tenn.App. 143, 381 S.W.2d at 314.

Again, in *Cline v. Cline,* 37 Tenn.App. 696, 270 S.W.2d 499, 502 (1954), it was held:

The familiar rule is that where the two causes of action are different, the judgment in the first suit is binding as an estoppel only as to those matters in issue, the inquiry being what point or question was actually litigated and determined in the original action, not what might have been litigated and determined.

We find two cases from other jurisdictions which are directly in point on the issues developed here.

In *Rios v. Davis,* 373 S.W.2d 386 (Tex. Civ.App., 1963), Davis in the first suit, sued Rios for property damages to his, (Davis') car. The court held that Rios was negligent but that Davis was guilty of contributory negligence and so gave judgment for Rios. Rios then sued Davis and a plea of res judicata, or estoppel by judgment was interposed. The court held that this was not proper because the findings of negligence on the part of Rios was not essential to the judgment in the former suit.

The sole basis for the judgment in the County Court of Law as between Rios and Davis was the findings concerning the negligence of Davis. The finding that Rios was negligent was not essential or material to the judgment and the judgment was not based thereon. * * Since the judgment was in favor of Rios he had no right or opportunity to complain of or to appeal from the finding that he was guilty of such negligence, even if such finding had been without any support whatever in the evidence. The right of appeal is from a judgment and not from a finding.

In *Cambria v. Jeffery,* 307 Mass. 49, 29 N.E.2d 555 (1940), essentially the same facts appear as in the instant case and the court said:

> The earlier judgment was in effect that Jeffery could not recover against Cambria. The sole basis for that judgment was the finding that Jeffery was guilty of contributory negligence. The further finding that Cambria's servant was negligent had no effect, and could have none, in producing that judgment. Therefore that judgment did not adjudicate that Cambria's servant was negligent.

The Restatement of Judgments, sec. 68, comment *o* supports the rule in *Cambria v. Jeffery* and *Rios v. Davis,* and in fact the illustration referred to as Number 10 thereunder sets out a situation just like that in the instant case. The Restatement makes clear that it is not one of those situations where the judgment in the prior suit was based on alternative grounds; if such were the case then the former judgment would be conclusive since each finding would be as material as the other. In the instant case, however, the finding of negligence on the part of Shelley is clearly immaterial to the judgment.

Again, in Freeman on Judgments sec. 692 (5th ed. 1925), it is said:

> While the effect of the judgment as an estoppel is limited to matters involved in the litigation, it is equally conclusive whether the point decided was of itself the ultimate vital point or only incidental, *if its determination was necessary to the judgment.* (Emphasis supplied.)

Section 697 provides in part:

16

In order that a judgment may operate as res judicata and be conclusive evidence of a fact sought to be established by it, not only must that fact have been in issue and determined in the former suit, but it must have been a material fact in the case, one upon which the judgment in some way depended.

It is one of the proud boasts of the Anglo-American legal tradition that every man is entitled to his day in court, that is, a trial court, and Shelley has not had that day to assert his claim for damages. He was certainly not a party to the litigation in the federal court; he had no right to cross-examine witnesses; no control over the litigation; he had no right to appeal the finding of his negligence, because the judgment was not adverse to him, and since, also, he was not a party. It might be said that he could have filed a counterclaim by way of intervention in the suit against his employer, but if he had, he would have then had two suits pending—one in the state court and one in the federal court for the same cause of action seeking the same damages.

We think that Shelley should have an opportunity to try his case as a plaintiff in the Circuit Court for Franklin County where the suit is now pending. For the reasons expressed herein an order will be entered reversing and remanding this case for further proceedings consistent with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.