The HOME INSURANCE COMPANY,
Plaintiff-Appellant,

v.

Q.V. LEINART and Ernest F. Phillips,
Defendants-Appellees,

v.

Debra P. GRIMM, Intervening
Petitioner-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 15, 1985.

See also, 705 F.2d 179.

David E. Smith, Knoxville, for plaintiff-appellant.

J. Anthony Farmer, Knoxville, David A. Stuart, Clinton, for defendants-appellees.

Herbert S. Moncier, Knoxville, for intervening petitioner-appellee.

## OPINION

BROCK, Justice.

The plaintiff, The Home Insurance Company, issued to Anderson County, Tennessee, a general comprehensive liability insurance policy which was in effect during the time material to this action. The intervening petitioner, Grimm, brought an action to recover damages in the United States District Court pursuant to 42 U.S.C., § 1983, against defendants Leinart and Phillips, each of whom was a commissioner or member of the legislative body of the county of Anderson, alleging that they, "under color of law," had falsely arrested and falsely imprisoned her and otherwise subjected her to personal injuries entitling her to both compensatory and punitive damages. That litigation resulted in a final judgment in favor of Grimm against the two commissioners in the sum of $60,000.00. In that action in the Federal court The Home Insurance Company, acting under a reservation of rights, provided counsel to defend Leinart and Phillips.

In the instant case, The Home Insurance Company sought a declaration in the Chancery Court that it was not liable for the Federal court judgment because, it alleges, the acts of Leinart and Phillips were not "committed in the conduct of the county's business," as required by the plaintiff's insurance policy. The Chancellor found the issues in favor of the insurance company and decreed that Commissioners Leinart and Phillips were not acting in the conduct of the county's business when they committed the acts upon which the judgment in favor of Grimm was rendered in the Federal court and, therefore, that the insurance company was not liable for the Federal court judgment.

The defendants Leinart and Phillips and the intervening petitioner, Grimm, appealed the decree of the Chancellor to the Court of Appeals, asserting some seven assignments of error.

The Court of Appeals held that The Home Insurance Company was estopped by the Federal court judgment to deny in this action that defendants Leinart and Phillips had been acting "in the conduct of the named insured's [Anderson County's] business" when they committed the wrongs to intervening petitioner, Grimm, upon which the Federal court judgment was based. The court was of the opinion that the issue in this case, i.e., whether or not defendant Leinart and Phillips were acting "in the conduct of the named insured's business" when they falsely arrested and falsely imprisoned intervening petitioner, Grimm, was identical to the issue in the Federal court action, i.e., whether Leinart and Phillips were acting "under color of law" as officers or officials of Anderson County, Tennessee, when they committed the wrongs upon intervening petitioner, Grimm. The court reasoned, therefore, that under principles of "collateral estoppel" or estoppel by judgment, The Home Insurance Company was foreclosed to deny that Leinart and Phillips had been acting in

the conduct of Anderson County's business when they committed the wrongs to intervening petitioner Grimm.

■ We hold that the Court of Appeals erred in concluding that The Home Insurance Company is estopped by the Federal court judgment to deny coverage of County Commissioners Leinart and Phillips in the matter; we hold that the issue in the instant case is not the same as the issue that was decided by the Federal court judgment. In holding that Commissioners Leinart and Phillips acted "under color of law" the Federal court did not decide that they were acting "in the conduct of the named insured's business." Clearly, a County Commissioner could be acting "under color of law," although he was not acting "in the conduct of the [County's] business." The policy coverage issue presented in the instant case was in no way involved in the Federal litigation.

The doctrine of collateral estoppel or estoppel by judgment is an extension of the principle of *res judicata,* and is generally held to be applicable only when it affirmatively appears that the issue involved in the case under consideration has already been litigated in a prior suit between the same parties,[1] even though based upon a different cause of action, if the determination of such issue in the former action was necessary to the judgment. *Shelley v. Gipson,* 218 Tenn. 1, 400 S.W.2d 709 (1966); *King v. Brooks,* Tenn., 562 S.W.2d 422 (1978); 22 *Tennessee Jurisprudence* 111, Res Judicata § 4.

■ "Under color of law" within the meaning of 42 U.S.C., § 1983, refers to a misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of that state law. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Conversely, acts of a private or proprietary nature, of officials of state, county or municipal governments, as opposed to acts of a governmental nature, have been held, in

---

1. The Home Insurance Company does not deny that sufficient privity exists for it to be bound by the federal judgment against Leinart and Phil-

lips. *See: Kelly v. Cherokee Ins. Co.,* Tenn., 574 S.W.2d 735 (1978).

the absence of specific legislation, to be not subject to 42 U.S.C., § 1983. 15 Am.Jur.2d 311, *Civil Rights*, § 18 (1976). Under 42 U.S.C., § 1983, "conduct is engaged in under color of state law if the actor was clothed with the authority of the state and was purporting to act thereunder, whether or not the conduct complained of was authorized or, indeed, even if it was proscribed by state law." *Cohen v. Norris*, 300 F.2d 24 (9th Cir.1962).

In this general comprehensive liability insurance policy the named insured was designated as Anderson County, Tennessee; the defendants Leinart and Phillips, as County Commissioners, are covered under the policy as "additional insureds," for acts committed by them "in the conduct of the named insured's business," and the named insured's "business" is defined as "Local Government." We express no opinion whether or not coverage exists under the facts of this case; what we do hold is that the issue should be determined upon evidence freely presented by both sides and that the Court of Appeals erred in concluding that the insurance company was estopped to deny coverage by virtue of the Federal court judgment. We express no opinion upon other issues decided by the Court of Appeals or that were pretermitted by that court.

The judgment of the Court of Appeals is reversed and this cause is remanded to it for consideration of the pretermitted issues and for such other action as may be appropriate in the premises.

Costs incurred in this Court are taxed against the defendants and the intervening petitioner and sureties.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.