# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 6, 2002 Session

## LOREN BORDERS v. LUCIAN BORDERS, ET AL.

**Direct Appeal from the Circuit Court for Sumner County**
**No. 20883-C     Jane Wheatcraft, Judge**

---

**No. M2001-03146-COA-R3-CV - Filed January 7, 2003**

---

Trial court held that doctrine of collateral estoppel barred Appellant's civil suit against Appellee for damages stemming from an alleged assault where Appellant had previously been convicted of assaulting Appellee during the incident in question. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Fletcher W. Long and Gregory D. Clayton, Memphis, Tennessee, for the appellant, Loren Borders.

Philip C. Kelly, Mark T. Smith, Gwynn K. Smith, Gallatin, Tennessee, for the appellee, Lucian Borders.

## OPINION

There appears to be a long history of animosity between Appellant (Loren Borders) and Appellee (Lucian Borders). This latest skirmish began when Appellant entered the premises of his recently deceased mother with the aid of a locksmith. The locksmith was necessitated by the fact that, after the mother had been placed in a nursing home, the property had been rented out and the locks changed. Appellee, after being notified of this fact, arrived at the home to investigate what Appellant was doing there. Appellee's wife also came to the home.

Upon arriving at the home, Appellant and Appellee were involved in a physical altercation. This fracas lead to criminal charges being filed against Appellant for assault, a crime for which he was found guilty in general sessions court.

Subsequent to the criminal trial and the attendant finding of guilt, the Appellant filed a civil action against the Appellee for damages stemming from the same incident. Appellant also named other defendants, but they were dismissed, leaving only Appellee. Appellee subsequently

filed a Rule 12.03 motion stating that Appellant's claim was barred by the doctrine of res judicata, or collateral estoppel. A hearing was held on the motion and the court found that the doctrine of collateral estoppel applied and acted as a bar to Appellant's claim. The court gave Appellant ten days to come forward with authority supporting his contention that the doctrine did not apply in this case. The Appellant failed to do so, and the trial court dismissed Appellant's suit with prejudice.

### *Standard of Review*

In evaluating the Appellee's Rule 12.03 motion to dismiss, the trial court considered, among other things, "the deposition that [sic] Mr. Borders was represented by [counsel] at trial . . . ." Rule 12.03 provides that where "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." Tenn. R. Civ. P. 12.03. Accordingly, we must review the decision of the trial court under the standard of Rule 56, Tenn. R. Civ. P.

A motion for summary judgment is rendered in favor of a party upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. No presumption of correctness attaches to a decision granting summary judgment as such a decision involves only questions of law. *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991). On appeal, therefore, "we must make a fresh determination concerning whether or not the requirements of Tenn. R. Civ. P. 56 have been met." *Id.* In making such determination, we must consider the evidentiary materials and pleadings in a light most favorable to the opponent of the motion, and draw all reasonable inferences in the opponent's favor. *Id.*

### *Action of the Trial Court*

In his amended answer to Appellant's complaint, which alleged that Appellee assaulted him, Appellee asserted the affirmative defense that

> [t]he Plaintiff's claims against the Defendant, LUCIAN BORDERS, are barred by the doctrine of res judicata or collateral estoppel since the Plaintiff was convicted of assault by the General Sessions Court of Sumner County, Tennessee by judgment entered November 3, 1999. Said conviction bars the Plaintiff from retrying the issue of assault in this subsequent civil action.

Appellee, in his subsequent Motion to Dismiss, stated as grounds for dismissal that

> the Plaintiff's claim is barred by the doctrine of . . . collateral estoppel in that this same claim or issue [of assault] between these parties was tried by the General

Sessions Court . . . and that that court ruled against the Plaintiff by finding him guilty beyond a reasonable doubt of this charge. . . .

The trial court, in its order granting Appellee's motion to dismiss, found

that under the law set out in the Defendant Borders' memorandum, the Court in reviewing whether the application of collateral estoppel should [sic] consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom the collateral estoppel was asserted was a party or in privity with a party to the prior adjudication; (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. After hearing the argument of counsel and upon reviewing from the deposition that Mr. Borders was represented by [counsel] at a trial in this matter in the General Sessions Court and the Plaintiff Loren Borders testified he knew he had a right to appeal the case but decided not to, the court found that the issues in the civil case appear to have all complied with the case law set out in the memorandum so this Court would be correct in granting collateral estoppel and dismissing the suit.

### *Collateral Estoppel*

"Under the doctrine of collateral estoppel, when an issue has been actually and necessarily determined in a former action between the parties, that determination is conclusive upon them in subsequent litigation." ***King v. Brooks***, 562 S.W.2d 422, 424 (1978). "Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the parties." ***Kremer v. Chem. Constr. Corp.***, 456 U.S. 461, 467 (1982). In other words, "[t]o sustain a plea of collateral estoppel it must be shown, ***inter alia***, that the issue sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit." ***Scales v. Scales***, 564 S.W.2d 667, 670 (1977).

It is well established that as "to points which came only collaterally under consideration, or were only incidentally under cognizance, or could only be inferred by arguing from the decree, it is admitted that the rule does not apply." ***Hopkins v. Lee***, 19 U.S. 109, 114 (1821).

The familiar rule is that where the two causes of action are different, the judgment in the first suit is binding as an estoppel only as to those matters in issue, the inquiry being what . . . question was actually litigated and determined in the original action, not what might have been litigated and determined.

***Shelley v. Gipson***, 400 S.W.2d 709, 714 (Tenn. 1966).

In the present case, Appellee asserts that the Appellant's conviction for assault in the General Sessions court conclusively decided the issue of whether the Appellee also assaulted the Appellant. Based on the record before us we cannot say that it does. The record contains only the Order of the General Sessions Court finding the Appellant guilty of assault. There is no transcript of the proceedings from the General Sessions trial from which we can ascertain whether "the issue sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit." *Scales*, 564 S.W.2d at 670. Collateral estoppel does not apply to issues which can "only be inferred by arguing from the decree . . . ." *Hopkins*, 19 U.S. at 114.

The issue in the criminal proceedings was whether Appellant assaulted Appellee. The issue raised by Appellant in the present case is whether the Appellee assaulted Appellant. Appellee's contention that a finding that Appellant assaulted Appellee somehow precludes a finding that the Appellee assaulted Appellant is an erroneous one. The following hypothetical illustrates the error of Appellee's argument.

In Tennessee "[a] person is justified in threatening or using force against another person when *and to the degree* the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force." Tenn. Code Ann. § 39-11-611(a) (1997) (emphasis added). A assaults B. B defends himself with his own use of force, but B's use of force goes far beyond "the degree [B] reasonably believe[d]. . . necessary to protect against [A's] use . . . of unlawful force." In this scenario, both A and B could be found guilty of assault; B for use of force in excess of that required for self defense, and A for the initial assault.

In the present case, the lack of a record of the criminal proceedings prevents us from knowing upon what foundation the guilty verdict against Appellant rests. It cannot be said, therefore, with the requisite certainty to justify summary judgment on a theory of collateral estoppel, that the question of whether Appellee assaulted Appellant was one that "was actually litigated and determined in the original action" *Shelley*, 400 S.W.2d at 714, and "necessary to the judgment" rendered by the general sessions court. *Scales*, 564 S.W.2d at 670. In other words, as the hypothetical illustrates, just because B assaulted A, does not mean that A did not assault B. "The party seeking to rely on the doctrine of collateral estoppel has the burden of proof." *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998). Appellee has failed to meet this burden.

### *Conclusion*

Accordingly, we reverse the judgment of the trial court granting summary judgment on the grounds of collateral estoppel, and remand the cause for further proceedings not inconsistent

with this opinion.  We tax the costs of this appeal to Appellee, Lucian Borders, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE