IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 3, 2025

## THE WEATHERBY GROUP, LLC v. HERITAGE TRUST COMPANY

**Appeal from the Chancery Court for Washington County**
**No. 23-CV-0696     John C. Rambo, Chancellor**

_____

### No. E2024-01372-COA-R3-CV

_____

The sole issue in this appeal is whether the present action is barred by the doctrine of res judicata. The plaintiff concedes that the order in the previous action filed in circuit court satisfied the first three of the four elements of the doctrine of res judicata but denied that the prior action had been adjudicated on the merits. As for the fourth element, the chancery court ruled that the judgment in the circuit court action constituted an adjudication on the merits because the dismissal was "with prejudice." On this basis the chancery court dismissed the action at bar. The plaintiff appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court in which KENNY ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Mark W. McFall, Johnson City, Tennessee, for the appellant, The Weatherby Group, LLC.

Mark S. Dessauer, Kingsport, Tennessee, for the appellee, Heritage Trust Company.

### OPINION

#### FACTS AND PROCEDURAL HISTORY

This chancery court action was commenced on October 13, 2023, with the filing of a complaint by The Weatherby Group, LLC, against Heritage Trust Company, a corporation. The complaint asserted causes of action for specific performance and breach of contract arising from a July 19, 2020 agreement between the parties (hereinafter the "Agreement") regarding real property in Washington County, Tennessee. The Weatherby Group alleged, inter alia, that Heritage Trust breached the Agreement by failing to arrange for a mortgage or deed of trust on the property to assist The Weatherby Group with its financial circumstances.

Heritage Trust filed a timely answer to the complaint denying any breach of the Agreement and asserting, inter alia, that the complaint was barred by the doctrine of res judicata based on the dismissal with prejudice of the complaint in *Albert Stanley Weatherby, III v. Thomas Jackson Weaver, III*, case number 41307, in the Circuit Court for Washington County, Tennessee.

The plaintiff in the previous circuit court action, Albert Stanley Weatherby, III, is the sole member and Managing Director of The Weatherby Group, LLC, which is the plaintiff in this action.

The defendant in the previous circuit court action, Thomas Jackson Weaver, III, is the sole shareholder and Chairman of Heritage Trust Company, a corporation, which is the defendant in this action.

It is undisputed that the claims asserted by Mr. Weatherby against Mr. Weaver in the previous action arose from the same subject matter, the Agreement at issue here, and are the same claims Mr. Weatherby's company, The Weatherby Group, asserts against Mr. Weaver's company, Heritage Trust, in this action.

The circuit court action was dismissed pursuant to a motion for judgment on the pleadings on April 15, 2024.[1] The order dismissing the circuit court action reads in pertinent part:

> In reviewing plaintiff's Amended Complaint, the named parties are Albert Stanley Weatherby, III, the named plaintiff, and Thomas Jackson Weaver, III, the named defendant . . . [who are not parties to the Agreement].
>
> .     .     .
>
> The Court finds that plaintiff, in his individual capacity, has no right to sue for any alleged breach of the agreement or for specific performance or recision (sic) of the agreement. Under Tennessee law, with the exception of third-party beneficiary claims, those not parties to a contract have no right to sue for its breach. *Owner-Operator Ind. Drivers Assoc, Inc., v. Concord EFS*, 59 S.W.3d 63, 68 (Tenn. 2001). Plaintiff Weatherby is not a party to the original agreement (Exhibit AG) and therefore has no standing to sue the defendant, who is also not an individual party to the contract. Therefore, defendant's "Motion for Judgment on the Pleadings" is GRANTED and plaintiff's complaint is DISMISSED with prejudice.

---

[1] The Honorable J. Eddie Lauderback presided over the circuit court action.

After filing its answer in this action, Heritage Trust then filed a motion for summary judgment based on the ground of res judicata. Heritage Trust's argument relied specifically on the prior dismissal "with prejudice" of the complaint in the previous circuit court action. In making the motion for summary judgment, Heritage Trust asked the chancery court to take judicial notice of the following facts:

1. The amended complaint and the allegations and claims asserted therein filed by Albert Stanley Weatherby, III in the action styled *Albert Stanley Weatherby, III v Thomas Jackson Weaver, et al*, Civil Action No. 41307 (Circuit Court for Washington County);

2. Memorandum Opinion and Order entered by Circuit Court Judge J. Eddie Lauderback, filed August 22, 2023, in the above styled Circuit Court action; and

3. The plaintiff Albert Stanley Weatherby, III in Civil Action No. 41307 failed to appeal the Circuit Court's August 22, 2023, Memorandum and Order or otherwise challenge the finality of the Order.

The Weatherby Group filed a response in opposition to the motion as well as a statement disputing some of the facts Heritage Trust relied upon, but it did not dispute the material facts, including those stated immediately above.

Pursuant to an order entered on August 13, 2024, the chancery court dismissed this action based on the doctrine of res judicata. The order also incorporated by reference the trial court's reasoning as stated from the bench, which includes:

The defense of res judicata requires the establishment of the following elements: One, that the underlying judgment was rendered by a court of competent jurisdiction. This is asserted by the moving party and the respondent concedes this element of res judicata that the Circuit Court was a court of competent jurisdiction,

Two, that the same parties or their privies were involved in both suits. The movant asserts that this second lawsuit in Chancery involves the same parties or their privies, emphasis on privies, and that—that we have the same parties or privies in both the Circuit and the Chancery Court. Responding party, Plaintiff, concedes element two.

Third, that the same cause—that the same claim or cause of action was asserted in both suits. Again, this is conceded.

And now the fourth element which is in contest is that the underlying judgment was final and on the merits. This Court finds that controlling case law is that a dismissal with prejudice is a determination of the case on the merits: The dismissal makes it final and on the merits is met when it was dismissed with prejudice meeting the fourth element of res judicata.

For the foregoing reasons, the chancery court summarily dismissed the complaint on the ground of res judicata.

This appeal followed.

## ISSUES

The Weatherby Group presents two issues for our review:

1. Whether genuine issues of material fact exist as to whether Plaintiff's claims are barred by the doctrine of res judicata.

2. Whether the trial court erred in granting Defendant's Motion for Summary Judgment based on the doctrine of res judicata.

The Defendant presents no additional issues.

## STANDARD OF REVIEW

As our Supreme Court explained in *Jackson v. Smith*, 387 S.W.3d 486 (Tenn. 2012):

The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were

involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness. *In re Estate of Boote*, 198 S.W.3d at 719.

*Id*. at 491.

## ANALYSIS

For its first issue, The Weatherby Group contends that genuine issues of material fact exist, thus the chancery court erred by summarily dismissing this action. However, it does not identify any material facts it claims to be in dispute as is required by Rule 6 of the Rules of the Court of Appeals of Tennessee.[2] Moreover, although The Weatherby Group raises two issues for our review, it presents just one argument and only discusses its second issue.

Rule 27 of the Tennessee Rules of Appellate Procedure provides that the brief of an appellant shall contain, inter alia, a statement of the issues presented for review and an argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(4) and (7). "This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal." *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). Thus, we deem the first issue waived.

For its second issue, The Weatherby Group argues that the trial court erred in granting the defendant's motion for summary judgment because, it contends, the previous action was not adjudicated on the merits.

---

[2] Rule 6 of the Rules of the Court of Appeals of Tennessee describes requirements for the content of an appellant's argument "in regard to each issue on appeal." In pertinent part Rule 6 requires: "(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found." Tenn. R. Ct. App. 6(a)(4).

We begin our analysis of this issue by noting that The Weatherby Group concedes that Heritage Trust established the first three of the four essential elements of the res judicata doctrine. In fact, it conceded this fact both in the trial court and in its brief on appeal. As stated in its appellate brief:

> [The Weatherby Group] concedes that the Memorandum Opinion and Order in the [circuit court action] satisfies the first three elements of the res judicata defense. The fourth element, however, is not satisfied in that the Memorandum Opinion and Order was not an adjudication on the merits. This Court must focus on whether the Court's dismissal of the [circuit court action] was an adjudication on the merits.

As noted above, the four elements of a res judicata defense are (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) **that the same parties or their privies were involved in both suits**, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Id*. (emphasis added). Because the parties in the Circuit Court Action were Mr. Weatherby and Mr. Weaver, not The Weatherby Group or Heritage Trust, Mr. Weatherby could have argued that the "the same parties or their privies" were not involved in both suits.[3] However, the essential element of "privity" has been conceded by The Weatherby Group in this action. As the chancery court noted in explaining its ruling from the bench:

> **Two, that the same parties or their privies were involved in both suits**. The movant asserts that this second lawsuit in Chancery involves the same parties or their privies, emphasis on privies, and that— that we have the same parties or privies in both the Circuit and the Chancery Court, responding party, **Plaintiff, concedes element two**.

(Emphasis added).[4]

---

[3] In the context of res judicata, "privity" means "an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, *3 n. 3 (Tenn. Ct. App. Jan. 25, 2007). The existence of privity or identity of interest depends upon the facts of each case. *Cihlar*, 39 S.W.3d at 181.

*Acuity v. McGhee Eng'g, Inc.*, 297 S.W.3d 718, 735 (Tenn. Ct. App. 2008)

[4] Because The Weatherby Group conceded element two, that it was in privity with Mr. Weatherby in the context of the Agreement at issue, we will not consider whether both civil actions involved the same parties or their privies. *See State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) ([A]n appellate court's authority "generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b); *see also Hodge v. Craig*, 382 S.W.3d 325, 333–34 (Tenn. 2012) (similar); *State v. Harbison*, 539 S.W.3d 149, 165 (Tenn. 2018) ("An appellate court may decline to consider issues that a party failed to raise properly.").

As this court explained in *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172 (Tenn. Ct. App. 2000):

> In the context of both res judicata and collateral estoppel, the concept of privity relates to the subject matter of the litigation, *see Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 905 (Tenn. 1987); *Shelley v. Gipson*, 218 Tenn. 1, 7, 400 S.W.2d 709, 712 (1966), not to the relationship between the parties themselves. *See Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 557–58, 216 S.W.2d 307, 309–10 (1948). Privity connotes an identity of interest, *see Kelly v. Cherokee Ins. Co.*, 574 S.W.2d 735, 738 (Tenn.1978); *Cotton v. Underwood*, 223 Tenn. 122, 127, 442 S.W.2d 632, 634–35 (1969), that is, a mutual or successive interest to the same rights. *See Fultz v. Fultz*, 180 Tenn. 327, 330, 175 S.W.2d 315, 316 (1943); *Phillips v. General Motors Corp.*, 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984).

*Id*. at 180.

The subject matter of the litigation in both civil actions at issue is the Agreement. Because The Weatherby Group concedes that it is in privity with Mr. Weatherby in the context of the Agreement at issue, Mr. Weatherby could have asserted the rights of The Weatherby Group in the previous circuit court action, but he did not. Because Mr. Weatherby failed to assert the rights of the correct party to the Agreement (The Weatherby Group, with which it had privity), the circuit court action was dismissed on a motion for judgment on the pleadings. And as noted above, **res judicata** is a claim preclusion doctrine, *see Moulton v. Ford Motor Co.*, 533 S.W.2d at 296, which **bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit**. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d at 459 (emphasis added).

The fourth element of res judicata is that the decision must be final and on the merits. The Weatherby Group contends that the circuit court action was not dismissed on the merits. The chancery court disagreed and so do we.

A decision may be regarded as "final and on the merits" for one of two reasons. "One usage of 'on the merits,' the more prototypical one, refers to resolution of a case upon its substantive merits, rather than a procedural basis, while the other usage of 'on the merits' is more limited in scope serving as an indication that an adverse judgment is entered with, rather than without, prejudice. *Britt v. Usery*, No. W2022-00256-COA-R3-CV, 2024 WL 195879, at *9 (Tenn. Ct. App. Jan. 18, 2024). The order in the circuit court action expressly states that it was dismissed with prejudice. Thus, the circuit court judgment was final and on the merits which satisfies the fourth element of res judicata.

For completeness we note that both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure say that an involuntary dismissal operates as an adjudication on the merits.[5] *See* Fed. R. Civ. P. 41(b); Tenn. R. Civ. P. 41.02(3). One exception is when the dismissal was for lack of jurisdiction. *See id*.

In federal courts, dismissal for lack of standing is synonymous with dismissal for lack of jurisdiction because Article III, Section 2 of the United States Constitution makes standing a jurisdictional prerequisite. *See Norma Faye Pyles Lynch Fam. Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 202 (Tenn. 2009). Thus, "[t]he general rule is that a judgment rendered because of a defect of parties does not operate to bar a subsequent action." 46 Am. Jur. 2d Judgments § 541.

That said, standing in Tennessee is not a jurisdictional prerequisite[6] because the Tennessee Constitution has no analogue to Article III, Section 2; instead, standing is a self-imposed "doctrine of justiciability." *See Norma Faye*, 301 S.W.3d at 202–03 ("Standing is one of the justiciability doctrines employed by courts to determine 'whether a particular case presents a legal controversy.'"). Thus, in Tennessee state courts, dismissal for lack of standing is not synonymous with dismissal for lack of jurisdiction. Accordingly, we have held that a dismissal for lack of standing "does not fall within the exceptions to adjudication on the merits as outlined in Rule 41.02(3)." *Elvis Presley Enters., Inc. v. City of Memphis*, No. W201900299COAR3CV, 2019 WL 7205894, at *4 (Tenn. Ct. App. Dec. 26, 2019), *rev'd and remanded on other grounds,* 620 S.W.3d 318 (Tenn. 2021).

For the foregoing reasons, we affirm the summary dismissal of this action on the ground of res judicata.

### IN CONCLUSION

The judgment of the chancery court is affirmed, and costs of appeal are assessed against The Weatherby Group, LLC.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[5] "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." Tenn. R. Civ. P. 41.02(3).

[6] An exception applies to actions created by a statute. In those cases, standing is interwoven with the issue of subject matter jurisdiction. *See Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004).